## C. S. ALVORD, Appellant, v. ARUBA A. ALVORD.

109 113
121 128

109 113
125 340

**Insanity :** OPINION EVIDENCE. While no such foundation is required before testimony that a person is of sound mind may be given,— before a non-expert witness is qualified to testify he believes a person to be of unsound mind, he must first state the facts upon which he bases his opinion, and these fac s must be of such actions as by their nature reasonably tend to support the opinion the witness has formed.

LIMITS OF INQUIRY : *Contents of will.*  A person charged with being of unsound mind cannot, while under examination, be compelled to disclose the contents of a will made by him.

**Practice :**  EXCLUSION OF ATTENDANTS.  Where, in proceedings to have a person declared of unsound mind, friends accompanied her during the trial, and were guilty of no misconduct, the plaintiff has no right to have them excluded from the court-room.

WATERMAN, J., taking no part.

*Appeal from Scott District Court.*— HON. JAMES W. BOL-LINGER, Judge.

THURSDAY, OCTOBER 5, 1899.

ACTION to have guardian appointed for defendant. Judgment on verdict directed for her, and the plaintiff appeals.—*Affirmed.*

*A. P. McGuirk* for appellant.

*Heinz & Fisher* for appellee.

LADD, J.—The real purpose of this application for the appointment of a guardian of the defendant is not quite apparent from the record.  True, she was eighty-eight years old, and her health such as is usually enjoyed by persons of that age.  But, barring occasional forgetfulness, her faculties seem to have been unimpaired.  No circumstances were detailed by any witness indicative of mental unsoundness. If she consulted her neighbors concerning the management of her business in preference to her own son, she had the perfect right to do so.  No undue influence appears to have been exerted, and she managed her affairs with discretion and business sagacity.  To be sure, the plaintiff, after detailing numerous facts and circumstances relating to her life, but for the objection interposed was presumably ready to declare his opinion that she was incapable of attending to her own business.  None of these, however, would have justified such a conclusion.  Nothing unusual in her language or

conduct was disclosed, nor any peculiarity indicating mental infirmity. He was undoubtedly competent to testify that she was mentally sound. But from this it does not follow that a sufficient foundation for a contrary opinion was laid. This is because sanity is the rule; insanity the exception. Sanity is normal, insanity the abnormal, condition. If a person acts and talks as men ordinarily do, no one can property say his mind is not what it is presumed to be,—like that of people generally, normal, sane. But when he talks or acts unnaturally, unusually, or in a manner inconsistent with sanity, then there is something upon which to base a con-·trary conclusion. For this reason the non-expert witness, before he may testify to mental unsoundness, must not only detail the facts and circumstances on which his opinion rests, but these must be such as tend to support or justify his conclusion. *O'Connor v. Madison,* 98 Mich. 183 (57 N. W. Rep. 105) ; *People v. Borgetto,* 99 Mich. 336 (58 N. W. Rep. 328) ; *Lamb v. Lippincott,* — Mich. — (73 N. W. Rep. 887) ; *Denning v. Butcher,* 91 Iowa, 425 ; *In re Goldthorp's Estate,* 94 Iowa, 336.

II.   In the course of defendant's examination, she testified to having a will, but refused to disclose its contents. The court rightly ruled that she was not required to do so. Such matters are seldom disclosed during lifetime, and this plaintiff, an only son of the defendant, ought not to be permitted to extract such information through the pretext of securing the apointment of a guardian. While a person charged with being of unsound mind may properly be examined as a witness, the range that examination shall take must necessarily rest in the sound discretion of the court. For the purposes of testing memory and capacity, it will be quite enough to inquire concerning the management and disposition of property during life.

III.   Complaint is made of the court's refusal to order two lady friends, accompanying the defendant, from the

room. They are not shown to have been guilty of any misconduct, and, because of the defendant's age, it was highly appropriate that they should be there with her.

Evidence relating to the death and burial of a son was properly stricken from the record, for it had no bearing on the issue being tried. The case is utterly without merit, and the judgment is AFFIRMED.

WATERMAN, J., took no part.