W. C. GARRETSON, Guardian of William H. Ballard, a person of unsound mind, Appellant,

v. JACOB A. HUBBARD.

**Vacation of Judgment:** WHO ARE PERSONS OF UNSOUND MIND. A person of "unsound mind," within Code, 1873, section 3154, empowering the court to vacate a judgment, after the term at which it was rendered, for erroneous proceedings against a person of unsound mind, is one so weak and infirm mentally as not to be capable of exercising the judgment necessarily required in the management of his ordinary affairs.

*Appeal from Guthrie District Court.*—HON. J. H. APPLEGATE, Judge.

THURSDAY, DECEMBER 14, 1899.

ACTION in equity, under section 3154 of the Code of 1873, to vacate a judgment and decree rendered, on notice by publication and default of appearance, against W. H. Ballard, quieting the title to certain lands in defendant as against said Ballard, and for a new trial. The grounds of this application are that said W. H. Ballard was a person of unsound mind when said judgment and decree were rendered, and that he has a good defense to the cause of action upon which the same was rendered, as shown by his petition herein. On hearing had, the plaintiff's petition was dismissed, and judgment rendered against him for costs. Plaintiff appeals.—*Affirmed.*

*J. A. Merritt* and *C. W. Hill* for appellant.

*Dudley, Coffin & Byers* and *J. D. Brown* for appellee.

GIVEN, J.—The judgment and decree sought to be set aside are in all respects regular on their face. Said section 3154 of the Code of 1873 provides that the district court in which a judgment has been rendered "shall have power after the term at which such judgment or order was made to vacate or modify such judgment or order: * * * (5) For erroneous proceedings, against a minor or person of unsound mind, when the condition of such defendant does not appear in the record, nor the errors in the proceedings." Appellant's contention is that his ward was a person of unsound mind at the time the said judgment and decree were rendered, and herein we have the first question to be considered. The words "unsound mind" are used in this section much in the same sense as they are used in section 2272 in relation to the appointment of guardians, and as meaning the opposite of the words "sound mind," as used in section 2322 of said Code of 1873 in relation to wills. Our examination of the cases leads us to the conclusion

that he is of unsound mind, within the meaning of said sec-- tion 3154, when so weak and infirm mentally as not to be· capable of exercising the judgment necessarily required in the management of his ordinary affairs. "Weakness is not necessarily unsoundness, but there may be a weakness, short of idiocy, either congenital or superinduced by disease or old age, that amounts to unsoundness; * * * but what is. the measure of that weakness which amounts to unsoundness. it is not easy to say in precise terms." *Smith v. Hicken-bottom,* 57 Iowa, 734. This case, we think, fully sustains the view we have expressed as to what constitutes an· "unsound mind," within the meaning of said section 3154.. In *Seerley v. Sater,* 68 Iowa, at page 376, it is said: "A person of unsound mind is one who is incapable of trans-- acting the particular business in hand. He need not neces-sarily be an insane or distracted person, and may be capable· of transacting some kinds of business, and yet be of unsound mind, and incapable of transacting business of magnitude, or· of at least some degree of intricacy. - He may be capable of understanding his rights as to some transaction and not others." See, also, *Bates v. Bates,* 27 Iowa, 111, and *Emerick v. Emerick,* 83 Iowa, 411 (13 L. R. A. 757). We have examined the evidence relied upon as showing the· alleged unsoundness of mind of Mr. Ballard with care, and reach the conclusion that it fails to establish the allegation. We will not discuss the evidence at length. True, it shows. that on one or two occasions, about the time the judgment and decree in question were rendered, Mr. Ballard was. taken in charge for investigation as to his mental condition, and discharged; but it also appears that on one or more· occasions he employed and consulted with lawyers of stand-ing as to his property rights, and they, acting upon informa-tion imparted by him, commenced actions in his behalf in his own name. He was probably peculiar in his manner,. and not always clear in presenting his business affairs, but it is evident that he fully comprehended his business affairs..

and was capable of judging understandingly concerning them. It appears he was even capable of discussing with some degree of clearness the law applicable to his case.

Such being our conclusion, it is unnecessary that we consider the other questions, namely, whether the plaintiff has shown in his petition a defense to the defendant's cause of action upon which the judgment and decree were rendered. We will say, however, on that question, that plaintiff's defense rests upon the claim that the conveyance from W. H. Ballard and wife to William Neely was never delivered, but was fraudulently obtained and placed of record by William Neely. It was executed May 31, 1871, and filed for record on the 26th day of August, 1871. If it be true that William Neely fraudulently placed the same of record, it may well be questioned whether, after the lapse of so many years, the title passing by that deed should be open to question; but, as already said, in view of the conclusion reached on the first proposition, it is unnecessary that we determine the sufficiency of the defense shown in the petition. Our conclusion is that, under the evidence, the judgment of the district court dismissing plaintiff's petition should be AFFIRMED.

Granger, J., not sitting.