LAURA A. GRAHAM et al., Appellants, v. LEONARD CLAPP, Appellee.

**GUARDIAN AND WARD:** Appointment—Test of Mental Unsoundness. The appointment of a guardian should be refused, if the party in question is competent to manage his property and business affairs *in a rational way,* even though he is physically infirm, forgetful, eccentric, childish, and possessed of erroneous notions, and even though he has made business deals which wisdom *might* question.

*Appeal from Jackson District Court.*—A. P. BARKER, Judge.

SEPTEMBER 27, 1921.

ACTION at law, to have a guardian of property appointed for the defendant, as a person of unsound mind and incapable of managing his ordinary business affairs. Jury waived, and cause tried to the court. Judgment entered, dismissing petition and taxing costs to plaintiffs. Plaintiffs appeal.—*Affirmed.*

*Farr & Thomas* and *F. D. Kelsey,* for appellants.

*Wolfe, Wolfe & Claussen,* for appellee.

DE GRAFF, J.—Plaintiffs are the daughters of the defendant, Leonard Clapp. The petition is predicated on Code Section 3219, which provides that a guardian may be appointed for a person of unsound mind. Since the statute is silent as to the indicia of mental unsoundness, we must resort to judicial opinion and definition. It is not our purpose to set out in detail either the proof tendered in support of the allegations of the petition or that offered by the defendant, in his attempt to prevent the appointment of a guardian. Each case of this character is necessarily bottomed upon its own facts, and upon final decision constitutes a weak precedent.

It appears that the defendant, Clapp, is a widower, 85 years of age, somewhat feeble in health, at times forgetful; that he is weak in vision, and has been for many years; that he is somewhat deaf, and has been for 20 years past; that he sometimes talked to himself, which has been his custom for many years; that, during the winter of 1918, he suffered some from rheumatism, and perhaps diabetes. Conceding that he is subject to several physical and bodily infirmities that accompany old age, we must make answer to the pertinent inquiry whether these weaknesses and infirmities are such as to warrant a finding that he is unsound in mind.

The facts herein which disclose mental unsoundness and which would warrant a court in an appointment of a guardian of his property are quite meager. His storekeeper, banker, and near neighbors vouch for his soundness of mind in business and social relations. It is well settled that the unsoundness of mind which will justify guardianship must be more than mere debility or impairment of memory. It must be such as to deprive the person of ability to manage his estate.

It is not shown that anyone has been attending to defendant's business; that he ever drove a bad bargain; that he has ever or is now squandering his property; or that he has ever dissipated his physical, mental, or financial resources. It is stated by some witnesses that he acted childish, and that he was easily influenced; but no facts are stated upon which to base such conclusions.

Some time prior to the institution of this suit, the defendant deeded a farm costing $7,000 to his son Dan for a consideration of $5,600. A mortgage was executed by the son to the defendant for a balance of the purchase price, at 5 per cent interest. Subsequently to this transaction, the defendant on his own initiative canceled this mortgage, and another contract was executed whereby it was agreed by the son that he would pay his father an equivalent of the interest, or the sum of $280 yearly, as long as he lived. The cancellation of this mortgage and the substitution of an unsecured contract may not have been the acme of wisdom on his part; but the defendant gave his reasons for so doing, and they are such as might be offered by a person mentally sound. It is quite apparent that the father, like many fathers, was partial to his son. But it is also quite apparent that this son was not a dominant influence in his life and business transactions. Furthermore, the defendant thought that, with eight daughters living at the time of his death, the *pro rata* share of each child in this mortgage would be so small that it did not warrant the continuation of the existence of the mortgage. He anticipated trouble. It also appears that the old gentleman had some misapprehension of the law governing the distribution of property, and the duties enjoined upon a father toward male heirs; but this in itself is not an indication of mental unsoundness. It is chargeable to ignorance, or a mistaken notion of things.

The occasional eccentric remarks of the defendant also cause counsel to comment, and it is urged as an indication of unsound mind. We are not so impressed. It is quite common for old people to say things in a manner different from that of the present generation. Their minds are reminiscent, and their thoughts often find expression in the language of a bygone day.

The real test of mental unsoundness involves the compe-

tency of the person to manage his property and business affairs in a rational way. If judgment and reason are dethroned to the extent that guidance by others is necessary in his ordinary business affairs, then a guardian should be appointed.

The law of this case is well stated in *Emerick v. Emerick*, 83 Iowa 411. See, also, *Wood v. Wood*, 129 Iowa 255; *Garretson v. Hubbard*, 110 Iowa 7.

The recent case of *Overmyer v. Overmyer*, 191 Iowa 1011, is stronger on the facts than the instant record; but it was held that the evidence was insufficient to show mental incapacity of an 88-year-old grantor at the time of the execution of the deed. Evidence in support of a petition alleging mental unsoundness must be clear and satisfactory, and not merely of that character which would cause a court to momentarily hesitate in its judgment.

Upon a careful review of this record, we cannot say that the defendant fails to act with judgment and discretion in his business affairs, or that he is unable by reason of physical retrogression or mental decline to judiciously and personally continue to control the small estate which he now owns. We conclude, therefore, that the trial court correctly determined the question involved under the pleadings, and the judgment entered is—*Affirmed*.

EVANS, C. J., WEAVER and PRESTON, JJ., concur.