JESSIE MULLER et al., Appellants, v. JACOB J. DEVRIES et al., Appellees.

CONTINUANCE: Absence of Witness. A continuance because of the absence of witnesses is properly overruled when the application states no particular matter to which the absent witnesses will testify, nor that such matters, whatever they may be, may not be supplied by other witnesses.

GUARDIAN AND WARD: Appointment—Test of Unsoundness. Principle reaffirmed that, in an application for the appointment of a guardian, the test of unsoundness is largely in the incompetency of the person to manage property in a rational manner.

TRIAL: Objections—Sufficiency. The objection that proffered testimony is "irrelevant, incompetent, and immaterial" does not raise the point that it is "hearsay and self-serving."

TRIAL: Evidence—Exclusion of Testimony. Principle reaffirmed that the exclusion of an answer to a question will not be denominated

error when the nature of such answer does not appear either from the nature of the question or from statement of counsel.

**EVIDENCE: Opinion Evidence—Sanity.** Principle reaffirmed that a witness may, on observation alone, give his opinion that a person is sane.

*Appeal from Butler District Court.*—C. H. KELLEY, Judge.

JUNE 23, 1922.

PLAINTIFFS filed their petition alleging that defendant was of unsound mind, and incompetent to manage his property, and asked that a guardian be appointed. Trial to a jury. Verdict for defendant. Judgment against plaintiffs for costs, and the court adjudged that defendant's property be restored to him. The plaintiffs appeal.—*Affirmed.*

*F. J. McGreevy* and *W. C. Shepard,* for appellants.

*W. T. Evans* and *C. G. Burling,* for appellee.

PRESTON, J.—1. The plaintiffs are all but two or three of defendant's children. Appellee Harm originally joined with the others in asking the appointment of a guardian, but later withdrew. The petition was filed March 1, 1921, and on March 3d, defendant's son-in-law, George Tiedens, was appointed temporary guardian, without notice on the defendant. We have recently held that this may not be done. *McKinstry v. Dewey,* 192 Iowa 753. The temporary guardian took possession of the property of defendant.

Defendant was, at the time of the trial, about 83 years of age; German; raised a family of five daughters and three sons, all married. He has acquired two farms in Butler County, and some personal property. Two of the sons reside on the farms, and the other son, also a farmer, purchased a farm, in the purchase of which defendant signed a note with him. There seems to have been something of a family dispute in regard to this and perhaps other matters, in the latter part of February, 1921.

Thereupon, the petition for guardian was made. The evidence for plaintiffs is largely that of the plaintiffs themselves and of two medical witnesses, answering hypothetical questions, based upon the testimony of plaintiffs. The evidence on behalf of defendant is that of some of the other children, his wife, neighbors, banker, and so on. The defendant was himself a witness, called by plaintiffs. His appearance and testimony were valuable, and no doubt helpful to the jury in arriving at a conclusion. *Wiechers v. Pool*, 172 Iowa 422, 427. In the giving of his testimony, an interpreter was used. The evidence does not show improvident expenditures, use, or disposition of the property by defendant. True, he did assist his son to purchase a farm. We deem it inadvisable to recite the testimony. The verdict of the jury has support.

The principal grounds relied upon for reversal are the alleged errors of the court in overruling plaintiff's motion for continuance, alleged error in some of the instructions, and rulings on evidence.

·2. The case came on for trial about three months after the appointment of the temporary guardian, at the May, 1921, term of court. Plaintiffs moved for a continuance, mainly on the ground of the absence of witnesses; that one of plaintiffs was sick with the mumps, and unable to attend the trial at the May term; that another of plaintiffs, who resides in Burlington, was sick, having been confined about two weeks before, and would not be able to attend for several days; that she is an important witness for plaintiffs; that both of said plaintiffs were at the home of defendant during the winter before, for a number of days, at the time when defendant was sick, and when his mental condition was such that the evidence thereof is needed by plaintiffs; and that, because of possible disputes in the testimony, the presence of said plaintiffs as witnesses is important. One of said witnesses is the wife of the temporary guardian. The application was resisted. The application does not set out any particular facts to which the witnesses would testify. It fails to state that there are no other witnesses by whom the facts might not be as fully proven. It was substantially admitted by the motion that plain-

tiff has other witnesses that know as much or more about the situation than the two mentioned in the application. The appellee objected strenuously to a continuance, on these and other grounds, among which is the fact that he had been deprived of the control of his property, and that, under all the circumstances, he was entitled to a speedy trial. The deposition of one of the absent witnesses was taken, and used on the trial. Doubtless the other could have been taken. As a witness, defendant admitted that he was sick from the fall of 1920 to February, 1921, and his counsel concede that, during a part of such sickness, defendant was incompetent to manage his business. It will be noted that the motion for continuance shows that plaintiffs desired to show defendant's condition in the winter before, when he was sick. Appellee contends that he has recovered from his indisposition. Under the circumstances, we think defendant was entitled to a hearing as soon as reasonably possible, with fairness to appellants. The statute provides that a continuance may be allowed for any cause which satisfies the court that substantial justice will thereby be more nearly obtained. Code Section 3663. The trial court was not so satisfied. The application for a continuance is addressed peculiarly to the sound legal discretion of the judge. Many of our cases might be cited as so holding. We think the trial court did not err in overruling the motion.

3. Instruction No. 4 is complained of. It is quite long, and defines what is necessary to constitute unsoundness, etc. It is unnecessary to set out the whole of it. The exceptions are to

2. GUARDIAN AND WARD: appointment: test of unsoundness.
the use of the word "judiciously," in regard to the management of property or failure to do so judiciously. It is said that the word "judicious" means "directed or governed by sound judgment, rational," and so on. Both of these words are used in some of the cases which will be cited, as elements properly bearing upon the question of the soundness or unsoundness of mind and the capacity to manage and protect one's property. The word "judiciously" is used in the *Emerick* case, infra. Another exception is to a phrase in the instruction that:

"Ordinarily, a person who has sufficient mental capacity

to make a valid agreement in regard to his property, and to manage it with reasonable care, unaffected by another's will," etc.

These words are only a part of the instruction. It is argued that the parts objected to are excerpts from the opinion in *Emerick v. Emerick*, 83 Iowa 411, 415, and that this does not make the instruction correct, and that it is improper, in instructions, to use the language of the court. This is often so; but in so far as the opinion of the court announces a legal principle, it is proper. As said in the *Emerick* case, the statute is silent as to what shall constitute the unsoundness which it contemplates, but it is clear that it relates to the capacity of the person affected to transact business, etc.; that the protection of property is one of the main objects of the statute, and the test of the unsoundness is largely the incompetency of the person to manage property in a rational manner. Taking the instruction as a whole, we think the jury was correctly informed as to the meaning of the statute and the purpose of it. The *Emerick* case has been followed in subsequent cases, among them *McDermott v. Rahely*, 146 Iowa 458; *Wiechers v. Pool*, supra, at 428; *Graham v. Clapp*, 191 Iowa 1224.

4. It is thought that the court erred in admitting in evidence a will made by the defendant, after the form had been gone through with in regard to the appointment of a temporary guardian. It was offered on behalf of defendant. True, the plaintiffs could not have compelled defendant to disclose its contents. *Alvord v. Alvord*, 109 Iowa 113. It appears that, two or three days before the execution of the will, defendant informed Wilhelms, president of the bank, that he wanted to make a will, and told him how he wanted it made; that he wanted all of his children to have an equal share; that those who owed him anything should pay back what they did owe; and that he wanted the share of the girls, if they had any issue, to go to the children; and that his wife was to have a life estate. The will was drawn in accordance with his desires, and witnesses testify as to its execution by defendant. It was offered by defendant as an act on his part. It is thought that, because the instrument is well

*3. TRIAL: objections: sufficiency.*

drawn by the banker, lawyer, and stenographer, and because of the circumstances under which it was drawn, it was in preparation for the trial on the guardianship, to follow some months after. The circumstances would probably have a bearing on the question of the weight of the testimony, but we think they did not render the evidence inadmissible. It is now urged in argument that the will was hearsay and self-serving. No such objection was made at the trial. The only objection was that it was incompetent, irrelevant, and immaterial. This was not sufficiently specific to cover the points now argued. *State v. Wilson,* 157 Iowa 698, 711, 713; *State v. Madden,* 170 Iowa 230, 235.

5. The twelfth assignment of error refers to six grounds of the motion for new trial, and appellants say that plaintiffs assign as error the overruling of said motion for new trial, herein set forth as twelfth error. Some of the six matters are now argued. The brief point on the twelfth assignment is that the court erred in overruling and in not sustaining plaintiffs' motion to set aside the verdict and to grant a new trial on the six grounds alleged in said motion, as set out under the twelfth assignment. The argument thereunder is in regard to the error in overruling the motion for continuance, accident, surprise, and some other questions that are raised for the first time on motion for new trial. One of these is that the cause should have been continued for service of original notice on defendant. That was not a ground set up in the motion for continuance. The showing as to the alleged newly discovered evidence was not sufficient. Even though the assignment and brief point are sufficiently specific to raise these questions, we think there was no error in any of the matters so complained of in Assignment No. 12.

6. Some of the rulings of the court on the admission of evidence are complained of. We shall not refer to all of them. The guardian, as a witness for plaintiffs, after testifying to his acquaintance with defendant, was asked: "Q.

4. TRIAL: evidence: exclusion of testimony. Did you ever know of his losing any money on loans?" And of the same witness: "Q. What can you say as to his habits with respect to investments of money or loans or collections?" and so on.

These are illustrative. Proper objection was interposed. As to the first question, it was somewhat leading and suggestive. The time was indefinite as to when, if ever, he had known of defendant's losing money on loans. There was no offer to show what plaintiffs expected the answer to be. So far as we know, the witness may have answered, "No." We should not reverse in order to secure such an answer. As to the second question, witness was not asked to state what he had observed, but what the witness could say. There was no offer here to show what it was expected to prove by the answer.

On the other hand, witness Wilhelms, testifying for defendant, testified that defendant had been in his bank, in years gone by, occasionally; and that witness had been in his home a few times; and that he was in his home about March 5th, when defendant told him about his wanting to make a will and what he wanted in it, etc. Witness was asked:

5. EVIDENCE: opinion evidence: sanity.

"Q. Now, basing your answer on your acquaintanceship on these incidents, meetings, and knowing him and seeing him there, and the times you have seen him, have you an opinion as to whether he is of sound or unsound mind?"

Plaintiff objected, as incompetent, immaterial, and no proper foundation laid. The objection was overruled.

We think the witness had shown a sufficient acquaintanceship and observation of defendant to qualify him to speak as to sanity or soundness of mind. The rule is different where a witness is testifying to soundness, from where he is testifying to unsoundness. In the latter case, the witness must base his opinion upon facts narrated, etc.

We think we would not be justified in prolonging the opinion to notice separately the other rulings complained of. They have been examined, and we think there was no prejudicial error in any of them.

7. It is thought that the court erred in the order directing that the property be returned to defendant, after the jury had found him competent; that the guardianship should have been continued until the determination of this appeal. There are several answers to this. In the first place, the temporary

guardian was not properly appointed. In the next place, we can conceive of no reason why a man's property should not be turned back to him when it has been improperly taken from him, and it has been determined that he is competent to manage his own property. There was nothing else for the court to do. We do not understand that appellants asked any stay.

We discover no prejudicial error in the record, and the judgment is—*Affirmed.*

STEVENS, C. J., WEAVER and DE GRAFF, JJ., concur.