HARRY KEISER, APPELLEE, V. LEVI KEISER, APPELLANT.

FILED JUNE 12, 1925.   No. 24072.

1. **Insane Persons:** COMPETENCY: PETITION.  A petition which sets
   forth the members of the immediate family of an alleged in-
   competent, his residence, and alleges that he, "by reason of
   extreme old age or other cause or causes, is mentally incompe-
   tent to have charge and management of his property," is suffi-
   cient to confer upon the court jurisdiction to make the neces-
   sary inquiry, and is not vulnerable to a general demurrer.
2. ———: ———: QUESTION OF FACT.  The incapacity of an
   individual, which, within the statute, will authorize the appoint-
   ment of a guardian, is a question of fact in each case for the

trial court, whose finding thereon will not ordinarily be disturbed.

3. ——: ——: SCOPE OF INQUIRY. While the scope of the examination rests in the sound discretion of the court, the examination should be limited to such inquiries as have for their object the finding and determination of the mental condition of the subject of the inquiry.

4. ——: "INCOMPETENT." The descriptive words, "mentally incompetent," "incompetent," and "incapable," as used in sections 1589, 1590, Comp. St. 1922, mean any one who, though not insane, is, by reason of old age, disease, weakness of mind, or from any other cause or causes, unable or incapable, unassisted, of properly taking care of himself or managing his property, and by reason thereof would be liable to be deceived or imposed upon by artful or designing persons.

5. ——: "MENTAL INCOMPETENCY." Mental incompetency or incapacity is established when there is found to exist an essential privation of reasoning faculties, or when a person is incapable of understanding and acting with discretion in the ordinary affairs of life.

6. ——: APPOINTMENT OF GUARDIAN. Where a person has insufficient mental capacity for the just protection of his property and his mental condition is such that he is guided by the will of others instead of his own in its disposition, a guardian should be appointed.

7. ——: ——: SANITY: EVIDENCE. In a proceeding for the appointment of a guardian for alleged incompetency because incapable of caring for his property, where the person is a party to the proceeding and has not been adjudged insane, his admissions, declarations, and showing of facts inconsistent with mental soundness are admissible as substantive evidence on the issue of sanity.

8. ——: SANITY: COMPETENCY. "Sanity and competency to manage an estate are not synonymous terms. A man may be sane in the sense that it is not necessary to incarcerate him in an asylum and yet be incompetent to manage an estate, even though he be not a spendthrift or a drunkard." *Guardianship of Farr*, 169 Wis. 451.

APPEAL from the district court for Saunders county: FREDERICK E. SHEPHERD, JUDGE. *Modified and remanded.*

*Morgan & Strehlow, Slama & Donato* and *Thomas, Vail & Stoner,* for appellant.

*J. C. Bryant, J. H. Barry* and *H. A. Bryant, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD and EVANS, JJ., and REDICK, District Judge.

EVANS, J.

Harry Keiser, son of Levi Keiser, filed in the county court of Saunders county a petition, alleging that Levi Keiser, his father, was 79 years of age, and the owner of notes and securities in the sum of $40,000; that the parent, Levi Keiser, had fallen into the hands of a designing woman; that by reason of extreme old age and other causes Levi Keiser was mentally incompetent to have charge of his estate or manage his property, and that he was wasting his estate, and if permitted to so continue would be reduced to want and will become a county charge; and the petitioner prayed that a guardian be appointed over his estate. Notice of the time and place of the hearing on the petition was served upon Levi Keiser and hearing had on February 15, 1925. A general demurrer was filed to paragraphs No. 4 and No. 5 of the petition, which was overruled. On February 19, 1925, after a hearing, Levi Keiser was found by the county judge to be mentally incompetent, and Eli Keiser, his brother, was appointed guardian of the person and estate of Levi Keiser. From this order and judgment of the county court, Levi Keiser appealed to the district court, and said cause was tried in the district court, the petition filed therein alleging substantially the same facts as that filed in the court below. The appellant demurred to the fourth, fifth and sixth paragraphs of the petition. The demurrer was overruled and the case was tried to the court without the intervention of a jury. The court found:

"That by reason of extreme age, or other causes, the said Levi Keiser is incompetent and unable to care for his person or to have charge or control of his property and estate, and that it is for the best interests of all concerned that a guardian be appointed for the purpose of caring for the person and property and estate of said Levi Keiser.

"The court further finds that the guardian, heretofore appointed by the county court, was properly appointed, and that the decision of said county court and the appointment of said guardian ought to be approved by this court.

"It is therefore ordered, adjudged and decreed that the decision and appointment of the said county court of Saunders county, Nebraska, be, and the same hereby is, approved, and the said Eli Keiser is appointed guardian of the person and property and estate of the said Levi Keiser.

"It is further ordered and decreed that said guardian be, and he hereby is, ordered and directed not to remove the said Levi Keiser from the county of Saunders, nor from his home therein, nor to restrain him of his personal liberty, until the further order of the court."

From this judgment Levi Keiser has appealed to this court.

The first question presented for consideration is the overruling of appellant's demurrer to the petition, which ruling is assigned as error. The assignment seems to be based upon two propositions: (a) That the petition should be presented by the peace officer of the county; (b) that facts sufficient to give the court jurisdiction are not alleged in the petition. The petition is presented by Harry Keiser, and alleges that he is a son of Levi Keiser, the alleged incompetent, and, within the terms of the statute, a relative; that the family of Levi Keiser consists of the petitioner and a sister. The court is thus advised as to the family and relatives of the alleged incompetent. It is not necessary that all of the relatives join in the petition, as the case, *Prante v. Lompe*, 77 Neb. 377, clearly recognizes the right of the next of kin to resist in such an action; and to hold that all must join in the petition would result in closing the court in many meritorious cases to a proper petition setting forth a well-founded case.

The appellant also claims that, because of the allegation that Levi Keiser is wasting his estate, an officer in charge of the poor should have filed the petition. This contention as made is unsupported by either authorities or reason.

The son filed the petition and in it set forth the persons constituting the family of the alleged incompetent. The provision of the statute as to a spendthrift is that the proper officer "of a county of which such spendthrift is an inhabitant *may* present a complaint." The petition is not vulnerable, therefore, to a demurrer because of the person by whom the petition is presented.

Our statute is almost identical with the Michigan statute, and the construction of the supreme court of that state may be examined as touching the allegations necessary thereunder, and hence under the statute of this state.

In *In re Bassett*, 68 Mich. 348, while other questions are presented and decided, the precise question raised by this demurrer is considered and decided. It is there held that a petition praying for appointment of a guardian for one not of sound mind, alleging that he was mentally incompetent to have the care and management of his property, was sufficient. The allegation of the petition in this case is "that Levi Keiser, by reason of extreme old age or other cause or causes, is mentally incompetent to have charge and management of his property." This allegation is sufficient and is aided by other allegations equivalent thereto. The petition is sufficient and there was no error in overruling the demurrers.

It is urged by the appellant that the fact that Levi Keiser is 79 years old is no evidence that he is mentally incompetent to transact his ordinary business affairs. He also insists that the fact that Levi Keiser loaned money to Mrs. Buell under the circumstances and conditions present in this case is not evidence of incompetency. It may be conceded that, were there no other evidence of incompetency than the age of Mr. Keiser and the loan to Mrs. Buell, it would not support a finding of mental incapacity, but the record is not so lacking or circumscribed.

Old age and failure of memory do not, of themselves, establish incompetency to care for ordinary business affairs. *Speer v. Speer*, 146 Ia. 6. The fact that a man is 79 years old, and, by reason of his feeble condition, has not sufficient strength of mind to manage his business with or-

dinary care and prudence, does not warrant the appointment of a guardian under the provisions of section 1590, Comp St. 1922, which provides for the appointment of a guardian of the property for a person of unsound mind.

No set rule can be enunciated which will be a safe criterion in all cases. It is not sufficient that incompetency alone is established, for it may well be, even where incompetency exists, that the situation and surroundings of the incompetent are such that no necessity exists for the appointment of a guardian, and that no good purpose would be served thereby. The incapacity of a person, which, within the statute, will authorize the appointment of a guardian, is a question of fact in each case for the trial court, whose finding thereon will not ordinarily be disturbed. *Goddard v. Treat,* 83 Conn. 516.

While the scope of the examination rests in the sound discretion of the court, the examination should be limited to inquiries which have for their object the finding and determination of the mental condition of the subject of the inquiry. 37 C. J. 640, sec. 443; *Alvord v. Alvord,* 109 Ia. 113. It has been held that in making a test as to mental incapacity the same test should be applied as in suits to avoid deeds and wills. *Leatherman v. Leatherman,* 82 W. Va. 748. But the present proceeding is under a statute, one of whose purposes is, indeed its chief purpose is, to prevent the necessity of such actions; and, while each individual is entitled to control his own property, the legislative intent was to prevent its dissipation in litigation over contracts secured by improper persons through improper means and to save to the owners of such property that which age and disease have made them unable and incapable to save for and to themselves.

The appellant complains that the court permitted non-expert witnesses to give opinions as to the mental capacity of Levi Keiser without having first laid a proper foundation for the same, and avers that so doing constituted prejudicial error. Where a case is tried to the court without a jury, upon review thereof in this court it will be presumed

that the trial court in arriving at its decision considered only competent and material evidence. And "this court will not reverse the judgment in a case tried to the court without a jury merely because of the admission of improper evidence." *Lunney v. Healey,* 56 Neb. 313.

The descriptive words, "mentally incompetent," "incompetent," and "incapable," as used in sections 1589, 1590, Comp. St. 1922, mean any one who, though not insane, is, by reason of old age, disease, weakness of mind, or from any other cause or causes, unable or incapable, unassisted, of properly taking care of himself or managing his property, and by reason thereof would be liable to be deceived or imposed upon by artful or designing persons. Mental incompetency or incapacity is established when there is found to exist an essential privation of reasoning faculties, or when a person is incapable of understanding and acting with discretion in the ordinary affairs of life. Where a person has insufficient mental capacity for the just protection of his property and his mental condition is such that he is guided by the will of others instead of his own in its disposition, a guardian should be appointed. *Lang v. Lang,* 157 Ia. 300. In a proceeding for the appointment of a guardian for alleged incompetency because incapable of caring for his property, where the person is a party to the proceeding and had not been adjudged insane, his admissions, declarations, and showing of facts inconsistent with mental soundness are admissible as substantive evidence on the issue of sanity. *Conway v. Murphy,* 135 Ia. 171.

"Sanity and competency to manage an estate are not synonymous terms. A man may be sane in the sense that it is not necessary to incarcerate him in an aslyum and yet be incompetent to manage an estate, even though he be not a spendthrift or a drunkard." *Guardianship of Farr,* 169 Wis. 451. See, also, *Robinson v. Van Camp,* 79 Ind. App. 382.

The record has been carefully examined, and the court is convinced that, in consequence of the character, extent, and kind of property of which the estate consists, the find-

ing of the trial court—"That by reason of extreme age, or other causes, the said Levi Keiser is incompetent and unable to care for his person or to have charge or control of his property and estate, and that it is for the best interests of all concerned that a guardian be appointed for the purpose of caring for the person and property and estate of said Levi Keiser"—is fully sustained by the evidence.

A careful consideration of sections 1576-1621, Comp. St. 1922, leads the court to the conclusion that it was not the legislative intent to at any time deprive an individual of his right to liberty of action, and that under sections 1589, 1590, 1591, Comp. St. 1922, it was the intent, in a proper case, to vest authority in the court to appoint a guardian of either the person or estate, or of both, as the circumstances of the particular case require.

There is, however, an entire lack of evidence that Levi Keiser is in such condition as to be a menace either to himselm or to others, and the provision in the judgment of the trial court—"It is further ordered and decreed that said guardian be, and he hereby is, ordered and directed not to remove the said Levi Keiser from the county of Saunders, nor from his home therein, nor to restrain him of his personal liberty, until the further order of this court"—is right and proper, and should be and is approved, and he should be left in his present family relations uninterfered with in the engagement of his liberty.

This court further finds that Eli Keiser, who is appointed as guardian, has interests which conflict, or are liable to conflict, with those of the estate of Levi Keiser, and he should not have been appointed as guardian of the person and estate of said Levi Keiser, and that a disinterested person and one competent to properly care for Levi Keiser's estate should be appointed in his stead.

Section 9151, Comp. St. 1922, provides:

"When a judgment or final order shall be reversed either in whole or in part, in the supreme court, the court reversing the same shall proceed to render such judgment as the court below should have rendered, or remand the cause to the court below for such judgment."

As the decision in this action has been modified in so far as the person of the guardian is concerned, and as both parties in this litigation in proceedings herein have expressed confidence in Hugo A. Wiggenhorn, the said Hugo A. Wiggenhorn is hereby appointed guardian of the person and estate of Levi Keiser under the terms and conditions of this judgment, and the statute with reference thereto, with directions that he appear in the county court of Saunders county and take the oath of office and give the bond required by law, the same to be approved by the county judge of said county.

The decision of the trial court is modified accordingly and the cause is remanded for further proceedings in accordance with this opinion.

MODIFIED AND REMANDED.

Note—See Insane Person, 32 C. J. secs. 172, 197, 254, 264.