IN RE GUARDIANSHIP OF ANNA MALNICK, INCOMPETENT.
SAMUEL J. MALNICK, APPELLEE AND CROSS-APPELLANT, V.
ANNA MALNICK, APPELLANT AND CROSS-APPELLEE.

145 N. W. 2d 339

Filed October 7, 1966. No. 36284.

McCormack, McCormack & Brown, for appellant.

John J. Lawler, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and C. THOMAS WHITE, District Judge.

BOSLAUGH, J.

This is a proceeding upon a petition for the appointment of a guardian for the estate of Anna Malnick. The trial court found that joint guardians should be appointed. Anna Malnick has appealed from that judgment.

The appellant is the widow of Paul Malnick who died in December 1964. Paul Malnick was also survived by a son, Samuel J. Malnick, the petitioner; Freda Shields, a daughter; and two grandchildren, the children of a deceased son.

The appellant is now 80 years of age and lives alone. She is in good health for a person of her age and cares for a garden at her home. There is evidence that she has developed arteriosclerosis of the heart and her blood pressure is somewhat higher than normal. She is not afflicted with any mental illness.

The appellant was born in Poland and came to the United States in 1928. She understands and is able to speak the Ukranian language, but understands and can speak only a few words in English. She is unable to read or write.

While her husband was living, the appellant and her husband did not have a checking account. It was their custom to keep money in their home, pay their bills in cash, and purchase savings bonds with their excess funds or deposit them in savings accounts.

At the time of the death of Paul Malnick, the appellant had approximately $800 in cash in her home. She received approximately $400 in cash in February 1965 when approximately $28,000 in savings bonds were cashed and part of the proceeds reinvested. During the administration of the estate the appellant received over $3,300 in cash from the administrator and $900 which was refunded by the mortuary. The appellant testified in November 1965 that she had "a couple hundred" in cash at her home at that time. There is no satisfactory explanation in the record as to what has happened to the cash which the appellant received between December 1964 and November 1965.

Section 38-201, R. R. S. 1943, provides for the appointment of a guardian for any person who, by reason of extreme old age or other cause, is mentally incompetent to have the charge and management of his property. Section 38-202, R. R. S. 1943, provides that if it shall appear to the court, after hearing, that the person in question is incapable of managing his property, it shall appoint a guardian of his estate.

Where one is, by reason of old age, disease, weakness of mind, or from any cause, unable or incapable, unassisted, to properly manage his property, he is incompetent, and a guardian should be appointed. In re Guardianship of Blochowitz, 135 Neb. 163, 280 N. W. 438. The incapacity of a person, which will authorize the appointment of a guardian, is a question of fact in each case, and the finding of the trial court thereon will not ordinarily be disturbed. Keiser v. Keiser, 113 Neb. 645, 204 N. W. 394.

The record in this case sustains the finding of the trial court that the appellant is unable to manage her property without assistance and, for that reason, is incompetent within the meaning of the statute. The appointment of a guardian for the estate of the appellant was proper.

The trial court appointed Freda Shields and the Omaha

National Bank of Omaha, Nebraska, as joint guardians. The record shows that Freda Shields has been assisting the appellant in the handling of her affairs. The appellant has conveyed her residence property to herself and Freda as joint tenants. The bonds which were purchased in February 1965 were registered in the name of the appellant and Freda as joint tenants. The checking accounts which have been opened by the appellant are joint accounts with Freda. The safe deposit box in which appellant keeps her securities is joint with Freda and her husband.

It will be the duty of the guardian in this case to investigate the transactions which have taken place since the death of Paul Malnick and take whatever action may be appropriate to protect the interests of the appellant. In view of the circumstances in this case and the interest which Freda Shields has in the transactions which have occurred, she is not a suitable person to be appointed as a guardian for the estate of the appellant. The judgment should be modified accordingly.

The trial court directed that a deed from Freda Shields and her husband conveying their interest in the appellant's residence property to the appellant be recorded, and that the judgment should serve as a conveyance if the deed was not recorded. This matter was not properly before the court in this proceeding and should be deleted from the judgment.

The judgment of the district court, as modified, appointing the Omaha National Bank of Omaha, Nebraska, as guardian for the estate of Anna Malnick is affirmed.

AFFIRMED AS MODIFIED.