# IN THE COURT OF APPEALS OF IOWA

No. 16-0080
Filed September 28, 2016


**DUANE M. HUFFER AND HUFFER LAW, P.L.C.,**
   Plaintiffs-Appellants,

**vs.**

**MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY, SUSAN CALHOUN, PATRICK GIBBS, AND SUSAN PARKS,**
   Defendants-Appellees.
_____


   Appeal from the Iowa District Court for Story County, James C. Ellefson, Judge.


   Plaintiffs appeal an adverse grant of the defendants' motion to dismiss. **AFFIRMED.**



   Duane M. Huffer of Huffer Law, P.L.C., Ames, for appellants.

   Kevin J. Driscoll and Kellen B. Bubach of The Finley Law Firm, P.C., Des Moines, for appellees.



   Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**MCDONALD, Judge.**

Duane Huffer, a lawyer, ceased employment with his father's law firm, Huffer Law, P.L.C., in 2013. Huffer and his spouse, Angela Doss, also a lawyer, representing themselves and Huffer Law, filed this suit against Minnesota Lawyers Mutual and several of its employees, among a host of others.[1] The plaintiffs' claims against Minnesota Lawyers Mutual and its employees arise out of the insurance company's removal of Huffer as an insured on Huffer Law's malpractice insurance policy, done at Huffer Law's direction, after Huffer was no longer associated with the firm. The petition was prolix, rambling, incoherent, irrational, and failed to set forth any facts supporting a non-frivolous legal claim against Minnesota Mutual or its employees. *See generally* Iowa R. Civ. P. 1.413 ("Counsel's signature to every motion, pleading, or other paper shall be deemed a certificate that: counsel has read the motion, pleading, or other paper; that to the best of counsel's knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or cause an unnecessary delay or needless increase in the cost of litigation."). The district court granted the insurance company defendants' motion to dismiss on the grounds that the plaintiffs have asserted no cognizable legal claim and that the employee defendants were not subject to personal jurisdiction. "The case is

---

[1] Neither Huffer nor Doss was associated with Huffer Law at the time the petition was filed and had no authority to act for it or file suit. Huffer and Doss also named Huffer Law as a defendant in this case, which means Huffer and Doss were representing Huffer Law, without authorization, at the same time they were adverse to Huffer Law.

utterly without merit, and the judgment is affirmed." *Alvord v. Alvord*, 80 N.W. 306, 307 (Iowa 1899); *see* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**