# IN THE SUPREME COURT OF IOWA

No. 19–0431

Submitted December 16, 2020—Filed January 22, 2021

**NO BOUNDRY, LLC,**

Appellee,

vs.

**CORNELL HOOSMAN,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer, Judge.

On further review from the court of appeals, applicant contends the court of appeals erred in affirming the district court's denial of his motion to set aside default judgment. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT ORDER REVERSED AND REMANDED.**

McDonald, J., delivered the opinion of the court, in which all participating justices joined. McDermott, J., took no part in the consideration or decision of the case.

Todd Schmidt (argued) of Iowa Legal Aid, Dubuque, Nathan Peters of Iowa Legal Aid, Waterloo, and Alexander Vincent Kornya of Iowa Legal Aid, Des Moines, for appellant.

Charles P. Augustine (argued) of Klatt, Augustine, Treinen & Rastede, P.C., Waterloo, for appellee.

**McDONALD, Justice.**

Cornell Hoosman stands to lose his home for $220 in delinquent but disputed property taxes. Hoosman claims he is legally disabled and is exempt from paying property taxes. Hoosman alleges he has been trying to resolve the property tax issue with Black Hawk County for some time. Plaintiff No Boundry, LLC, obtained title to Hoosman's home by way of a tax sale deed. No Boundry filed its petition for recovery of real property and obtained a default judgment awarding it immediate and exclusive possession of Hoosman's home. The district court denied Hoosman's motion to set aside the default judgment. The court of appeals affirmed the district court, and we granted Hoosman's application for further review. The question presented is whether the district court erred in denying Hoosman's motion to set aside the default judgment.

The record reflects the following. No Boundry obtained title to Hoosman's home by way of a tax sale deed issued by the Treasurer of Black Hawk County dated November 30, 2018, and filed December 11. No Boundry filed a petition for recovery of real property on January 14, 2019, in which it sought immediate and exclusive possession of Hoosman's home. No Boundry personally served the petition and original notice on Hoosman two days later. Hoosman did not timely file an answer. No Boundry served on Hoosman its ten-day notice of intent to file an application for default and default judgment. *See* Iowa R. Civ. P. 1.972(2). After waiting the required time, No Boundry sought the entry of default and default judgment. The district court entered default judgment on February 21 and issued a writ of removal on February 25.

Hoosman took action approximately two weeks after the district court issued the writ of removal. On March 13, Hoosman filed an application in which he sought to enjoin his removal from the property. In

the application, Hoosman averred that he has been legally disabled since June 2013 and that, because of his legal disability, he is exempt from paying property taxes. The application further averred that Hoosman received a letter of exemption from the Iowa Department of Human Services and that Hoosman presented the letter of exemption to the Black Hawk County Supervisors Office, which took no action.

The day after Hoosman filed his application, Hoosman filed his motion to set aside the default judgment. In the motion, Hoosman stated he is legally disabled as evidenced by medical records. The motion stated Hoosman was found to be incompetent in two criminal matters. Hoosman asserted he had a statutory basis for defending against the claim. Specifically, he asserted he had a statutory right of redemption afforded persons with a legal disability under Iowa Code section 447.7(2).

Hoosman and his counsel appeared before the district court at order hour the following day. Order hour is a time set aside for the court to hear motions and address other miscellaneous matters brought to the court's attention. Order hour typically is unscheduled and informal. A court reporter was not available during this particular order hour. Following a hearing on Hoosman's motion, the district court entered an order denying the motion to set aside. The district court's order did not make any findings or provide any reason for denying Hoosman's motion. The order stated: "The court heard the arguments of counsel and finds that the application for injunction and the motion to set aside default and stay writ should be denied."

Hoosman filed a motion to enlarge and amend the district court's denial of his motion to set aside. In the motion, Hoosman alleged the district court did not allow him to submit medical evidence in support of his motion to set aside. Hoosman alleged that he is legally disabled and

not competent to defend himself. He alleged he needs a guardian ad litem. Attached to the motion to enlarge and amend was a psychologist's report prepared for the purposes of evaluating Hoosman's competency to stand trial in an unrelated criminal matter. In the report, the psychologist opined Hoosman was not competent to stand trial. The district court declined to rule on the motion to enlarge and amend because the writ already had been executed by the sheriff and because Hoosman already had filed his notice of appeal.

This brings us to the question presented. We begin our answer to the question by noting there is a longstanding policy in our state favoring the resolution of legal disputes on the merits. *See Wharff v. Iowa Methodist Hosp.*, 219 N.W.2d 18, 21 (Iowa 1974) ("The general policy in this jurisdiction has been to allow trial on the merits."); *Hobbs v. Martin Marietta Co.*, 257 Iowa 124, 129, 131 N.W.2d 772, 775 (1964) ("[C]ourts prefer a trial on the merits."); *Newell v. Tweed*, 241 Iowa 90, 95, 40 N.W.2d 20, 23 (1949) ("Courts look with favor upon trials and the rights of a litigant should not be denied proper hearing by strict application of legal formalities."). Pursuant to this longstanding policy, default judgments are disfavored. This court will resolve all doubt on whether a default judgment should be set aside in favor of setting aside the default judgment. *See Brandenburg v. Feterl Mfg. Co.*, 603 N.W.2d 580, 584 (Iowa 1999). "We are more reluctant to interfere with a court's grant of a motion to set aside a default and a default judgment than with its denial." *Id.* We are not alone in this regard. "Courts almost universally favor a trial on the merits, and, when there has been a reasonable excuse shown for the default, there should be no objection to such a trial to those who are reasonably diligent." *Barto v. Sioux City Elec. Co.*, 119 Iowa 179, 186, 93 N.W. 268, 271 (1903).

With that principle in mind, we turn to the text of the relevant rule. Iowa Rule of Civil Procedure 1.977 provides "[o]n motion and for good cause . . . the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty." Rule 1.977 further provides "[s]uch motion must be filed promptly after the discovery of the grounds thereof, but not more than 60 days after entry of the judgment. Its filing shall not affect the finality of the judgment or impair its operation." "The burden is on the movant to plead and prove good cause." *Cent. Nat'l Ins. Co. of Omaha v. Ins. Co. of N. Am.*, 513 N.W.2d 750, 754 (Iowa 1994). "Good cause is a sound, effective, and truthful reason. It is something more than an excuse, a plea, apology, extenuation, or some justification, for the resulting effect." *Id.*; *see also Hansman v. Gute*, 215 N.W.2d 339, 342 (Iowa 1974).

Although the movant bears the burden to plead and prove good cause, our case law requires a liberal construction of the rule to afford an opportunity for adjudication on the merits. *See Brandenburg*, 603 N.W.2d at 584 (stating disfavor of denials of motions to set aside default judgment is consistent with the purpose of the rule); *Whitehorn v. Lovik*, 398 N.W.2d 851, 853–54 (Iowa 1987) (en banc) (holding the purpose of the rule is "to allow determination of controversies on their merits rather than on the basis of nonprejudicial inadvertence or mistake" given the weight of "justice inherent in a trial on the merits"); *First Nat'l Bank in Lenox v. Claiser*, 308 N.W.2d 1, 3 (Iowa 1981) (en banc) ("Because trial on the merits is favored, a liberal approach is to be taken in granting relief from defaults."); *Handy v. Handy*, 250 Iowa 879, 885, 96 N.W.2d 922, 926 (1959) ("[T]he liberality of Rule 236 [now rule 1.977] and its construction is aimed to assure, if possible, that all litigants have a fair opportunity to have their cases decided by the courts on the merits.").

Hoosman argues default judgment should be set aside on the ground of excusable neglect. *See Cent. Nat'l Ins. Co. of Omaha*, 513 N.W.2d at 753, 755–56 (identifying excusable neglect as a ground for setting aside default and default judgment). In determining whether the movant has established excusable neglect we look at the particular facts and circumstances of each case. No single fact is dispositive. Relevant considerations include the cause for the movant's failure to timely answer, whether the movant intended to defend, whether the movant asserted a meritorious defense in good faith, and whether the movant ignored or willfully defied the rules of procedure. *See id.* at 756. We address each of these considerations in turn.

It appears the cause for Hoosman's failure to timely answer was his alleged legal disability. In his motion papers, Hoosman asserted that he is legally disabled, that he receives disability income, that his disability is recognized by the Iowa Department of Human Services, and that he may have been adjudged incompetent in at least two criminal matters. He further alleged that he needed the assistance of a guardian ad litem to assist him in defending against this claim.

Hoosman's claimed disability was supported by the competency evaluation attached to his motion to enlarge and amend. The twelve-page competency evaluation was prepared by a psychologist for the purposes of evaluating Hoosman's competency to stand trial in a criminal matter. The report shows Hoosman suffered from a severe mental impairment of a permanent nature. Hoosman had intracranial surgery in June of 2012 that left him with headaches. The psychologist concluded Hoosman's cognitive abilities likely declined as a result of the intracranial surgery. Hoosman tested at a seventh grade level in spelling and a sixth grade level in math.

Throughout the report, the psychologist noted Hoosman had impaired memory. Hoosman could not remember simple things: the last time he had a checkup, the spelling of his children's names, the length of his marriage, the names and birth order of his siblings, and the last date of his employment. During the evaluation, Hoosman used the restroom "on multiple occasions" yet "repeatedly required directions to the bathroom." The psychologist notes that "[m]emory was problematic for remote events, intact for recent events and impaired for immediate retention and recall." The report further stated that Hoosman was "unable to remember any of 3 unrelated words following a five minute delay," which "suggest[ed] that [he] would have difficulty retaining information presented during a trial."

The report also indicated Hoosman had lapses in concentration and suffered confusion. The psychologist noted that Hoosman's "response latency was lengthy" and that Hoosman "had lapses in concentration and staring episodes lasting several seconds during which time he was unresponsive to verbal stimulation." The psychologist also noted, "Attention span was short and concentration was impaired [possibly because of seizures]. At times, he appeared to drift off and had to have his attention redirected to the tasks at hand." (Brackets in original.) Although the report noted Hoosman lived alone, the psychologist cited limitations in Hoosman's ability to independently function: Hoosman "rarely drives because of suspected seizures," shops with the assistance of his friend, and prepares "very simple meals." The psychologist reported Hoosman's "scores strongly suggest[ed] organic confusion as supported by records from the University of Iowa Hospitals and Clinics."

The psychologist concluded Hoosman suffered from "Delirium vs. Dementia" due to a cerebral aneurysm without rupture. The psychologist

concluded Hoosman's low cognitive functioning would detrimentally impact Hoosman's "ability to follow trial proceedings." The psychologist concluded Hoosman's "capacity to plan legal strategy was impaired." The psychologist ultimately opined Hoosman's impairments would make him incompetent to stand trial, unable to understand trial proceedings, and unable to contribute to his own defense.

Although not dispositive, Hoosman's apparent cognitive impairment weighs in favor of setting aside the default judgment. This State has a long history of protecting the property rights of wards deemed unable to protect their own economic interests without assistance:

> It is unquestionably true, however, that from very early times the property rights of children and lunatics have been favored in law, and the courts have regarded such persons as their wards, whose interest should not be sacrificed to mere technicalities . . . . Keeping that just and humane purpose in view, the legislature has attempted to provide certain definite laws by which the rights of such wards may be preserved.

*Hawley v. Griffin*, 121 Iowa 667, 676, 92 N.W. 113, 116 (1903); *see also Nels v. Rider*, 185 Iowa 781, 785, 171 N.W. 150, 152 (1919) ("No guardian appeared; no defense was interposed; no guardian ad litem was appointed. The default judgment, therefore, was irregular.").

We next consider whether Hoosman established an intent to defend against the claim. Whether Hoosman "moved promptly to set aside the default is significant on this point." *Cent. Nat'l Ins. Co. of Omaha*, 513 N.W.2d at 756; *see also Paige v. City of Chariton*, 252 N.W.2d 433, 437 (Iowa 1977) ("It is significant defendants moved promptly to set aside the default."). Hoosman disputed the legality of the property tax assessment with Black Hawk County but to no avail. After entry of the default judgment, Hoosman obtained counsel. Counsel immediately filed the application for injunction and motion to set aside. The motion to set aside

was filed only twenty-one days after default judgment was entered, well within the sixty days allowed by Iowa Rule of Civil Procedure 1.977. *Cf. Brandenburg*, 603 N.W.2d at 583 (reversing a denial of a motion to set aside where the party filed the motion one month and nine days after the entry of default). At the hearing on the motion to set aside, Hoosman appeared personally with his counsel with evidence to substantiate his legal disability. After the district court denied his motion to set aside, Hoosman filed a motion to enlarge and amend and pursued this appeal. This record reflects Hoosman intended to defend against the petition for removal, and this factor favors setting aside the default judgment.

The next factor we consider is whether Hoosman asserted a meritorious defense in good faith. "[W]hether a meritorious defense has been shown 'must be determined on a case by case basis and with an awareness of the policies behind default judgments and the circumstances under which they should be set aside.'" *Flexsteel Indus. Inc. v. Morbern Indus. Ltd.*, 239 N.W.2d 593, 600 (Iowa 1976) (quoting 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2697).

Hoosman asserts he has a statutory defense to No Boundry's removal proceeding pursuant to Iowa Code section 447.7. It provides, in relevant part:

> 2. *a.* If a parcel of a person with a legal disability is sold at tax sale and the county treasurer has delivered the treasurer's deed, the person with the legal disability or the person's legal representative may redeem the parcel at any time prior to one year after the legal disability is removed by bringing an equitable action for redemption in the district court of the county where the parcel is located, unless the action is required to be brought sooner in time by operation of subsection 3 or 4.
>
> . . . .
>
> 3. If a person with a legal disability remains in possession of the parcel after the recording of the treasurer's

deed, and if the person claiming under the tax title properly commences an action to remove the person from possession, the person with a legal disability shall forfeit any rights of redemption that the person may have under this section, unless either of the following actions is timely filed by or on behalf of the person:

> *a.* A counterclaim in the removal action asserting the redemption rights under subsection 2 of the person with a legal disability.

> *b.* A separate action under subsection 2. Such action shall be filed within thirty days after the person with a legal disability and the person's legal representative were served with original notice in the removal action.

Iowa Code § 447.7.

The court of appeals concluded Hoosman failed to establish a meritorious defense. The court of appeals reasoned as follows:

> Hoosman's right of redemption was forfeited unless he "timely" responded to No Boundry's action by (a) filing a "counterclaim in the removal action asserting his redemption rights," or (b) filing a "separate action" to assert his redemption rights "within thirty days" after being served "with original notice in the removal action." Hoosman did neither. So it appears Hoosman's redemption rights are forfeited.

We respectfully disagree. The overarching question presented in this appeal is whether the district court should have set aside the default judgment to allow Hoosman to file an answer and defend on the merits. To conclude, as the court of appeals did, that the district court should not have set aside the default because Hoosman failed to file an answer and defend on the merits strikes us as circular. The court of appeals framed the question too broadly with respect to its analysis of this factor. The specific question presented is whether the movant would have a meritorious defense *if* the motion to set aside the default were granted. We ask that question because there would be no reason to set aside the default judgment if it were simply a *fait accompli* that the district court would eventually reenter the same judgment. *See Brandenburg*, 603 N.W.2d at

584 (stating the underlying purpose of rule 1.977 is "to allow a determination of controversies on their merits rather than on the basis of nonprejudicial inadvertence or mistake" (quoting *Whitehorn*, 398 N.W.2d at 853)). In this case, if the motion to set aside default judgment were granted, the case would proceed and Hoosman would be entitled to timely file a responsive pleading, including his statutory counterclaim. *See* Iowa R. Civ. P. 1.241 (discussing compulsory counterclaims); Iowa R. Civ. P. 1.401 (defining allowable pleadings); Iowa R. Civ. P. 1.405 (discussing the answer). The court of appeals erred in concluding otherwise.

The court of appeals also concluded Hoosman had not asserted a meritorious defense because there was insufficient evidence to establish Hoosman was a person with a "legal disability" within the meaning of section 447.7. Again, we respectfully disagree. For the purposes of establishing good cause to set aside a default judgment, the movant is not required to prove up the defense to the claim. Instead, the movant need only make a prima facie showing the movant has a meritorious defense. *See Flexsteel Indus., Inc.*, 239 N.W.2d at 599 (holding that the movant must present evidence of a prima facie showing of a defense upon the merits); *Handy*, 250 Iowa at 884, 96 N.W.2d at 925 ("The court's duty in this proceeding is to ascertain from the evidence whether any facts existed which . . . would prima facie constitute a defense."); *Hastings v. Espinosa*, 340 N.W.2d 603, 609 (Iowa Ct. App. 1983) (finding that assertion of statutory defense "is a meritorious defense allowing the trial court to set aside the default judgment").

We express no opinion on whether Hoosman could ultimately prove he has a legal disability within the meaning of the statute, but he has at least made a prima facie showing he has a meritorious defense to the petition for writ of removal. A legally disabled person under chapter 447

"means a minor or a person of unsound mind." Iowa Code § 445.1(6). A person of unsound mind is someone who is "not . . . capable of exercising the judgment necessarily required in the management of his ordinary affairs." *Garretson v. Hubbard*, 110 Iowa 7, 9, 81 N.W. 174, 174 (1899). "A person of unsound mind is one who is incapable of transacting the particular business [at] hand." *Id.* (quoting *Seerley v. Sater*, 68 Iowa 375, 376, 27 N.W. 262, 263 (1886)). "[I]t is evidently the purpose of these statutes to protect those who . . . are incapable of understanding their rights and obligations, and of caring for their own interests." *Hawley v. Griffin*, 82 N.W. 905, 906 (Iowa 1900). The competency evaluation showed Hoosman suffered from a cognitive impairment of a permanent nature that may render him of "unsound mind" within the meaning of the statute. The competency evaluation showed Hoosman suffered from significant cognitive impairments to his memory and ability to comprehend matters. The evaluation referred to a payee who managed Hoosman's finances. From this we can infer Hoosman was not competent to manage his own finances. In short, Hoosman made a prima facie showing he has a defense to the claim, and this factor favors setting aside the default judgment.

Finally, we assess whether Hoosman willfully ignored or defied the rules of civil procedure. Willful defiance contemplates conduct that "goes beyond negligent or careless conduct." *Brandenburg*, 603 N.W.2d at 585. Willful defiance means "conduct on the part of the defaulting party showing a deliberate intention to ignore, and resist any adherence to, the rules of procedure[,] . . . [e]xcusable neglect warranting relief from a default excludes conduct amounting to no care, no attention and approaching gross neglect or willful procrastination." *Id.* Here, there is no evidence Hoosman willfully ignored or defied the rules of procedure. Instead, this record shows a man with an apparently significant cognitive

impairment that limits his ability to remember, plan, and prepare, particularly with respect to legal matters. This factor, too, favors setting aside the default judgment.

"The determination of whether a movant has established good cause is not a factual finding; rather, it is a legal conclusion and is not binding on us." *Sheeder v. Boyette*, 764 N.W.2d 778, 780 (Iowa Ct. App. 2009). In light of the strong policy preference favoring the adjudication of claims on the merits, we find Hoosman has established good cause to set aside the default judgment. We thus conclude the district court erred in denying Hoosman's motion to set aside the default judgment. We reverse and remand for an order granting the motion to set aside the default and default judgment and for further proceedings consistent with this opinion.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT ORDER REVERSED AND REMANDED.**

All justices concur except McDermott, J., who takes no part.