James Andrew, Appellant, v. Christina Andrew. ..

**Constructive Trusts:** FRAUD: *Husband and wife.* Where a husband and wife purchased realty jointly, the wife taking title and agreeing to hold an undivided one-half interest in trust for her husband, the breach of such agreement was not a fraud upon which a court of equity will establish a constructive trust.

ORAL EVIDENCE. Under Code, section 2918, providing that declarations or creations of trust in relation to real estate must be executed in the same manner as deeds of conveyance, oral evidence is not admissible to prove an agreement between husband and wife that she should hold an undivided one-half interest in land purchased with joint funds in trust for her husband.

SCOPE OF CONSTRUCTIVE TRUST. Where a married woman took title to land purchased with a fund contributed to jointly by herself and husband, a constructive trust therein in favor of her husband, if one could be established, does not extend to an undivided one-half interest, but only such a proportionate share of the property as the amount contributed by the husband bore to the entire purchase money.

PRESUMPTIONS: *Advancement.* Where a married woman takes title to realty purchased with funds furnished jointly by herself and husband, it is presumed that the amount paid by the husband is by way of advancement and provision for the wife, and not intended to create a constructive trust in favor of the husband.

**Improper Abstracts:** AFFIRMANCE. Under Supreme Court Rules 20, 68, providing that the abstract shall contain so much of the record as may be necessary to the understanding of the question to be determined, and that all immaterial matter shall be omitted, an alleged abstract, composed of over 600 pages of testimony, set out in questions and answers as taken by the shorthand reporter, is such a violation of the rule as to necessitate an affirmance or dismissal.

*Appeal from Fayette District Court.*—HON. A. N. HOBSON, Judge.

WEDNESDAY, OCTOBER 9, 1901.

*John Jamison* and *Frank Pittman* for appellant.

*W. B. Ingersoll* and *Hoyt & Hancock* for appellee.

McCLAIN, J.—Plaintiff asks to have title established in him to a one-half interest in certain land, record title to which is in defendant, his former wife, since divorced, but which he claims was purchased by them jointly with money provided by each. The lower court refused to grant any relief to plaintiff, and we think that such refusal was justified under the evidence. In the first place, plaintiff bases his right to an undivided one-half of the premises on the claim that it was mutually agreed between himself and wife, when the property was purchased and conveyed to the wife, that she should hold an undivided one-half interest in trust for him. But plaintiff does not claim that there was any written evidence of such an agreement, and the parol evidence relied on cannot be considered, under Code, section 2918, which provides that declarations or creations of trust in relation to real estate must be executed in the same manner as deeds of conveyance. An express agreement of this kind cannot be proven by parol evidence. *Dunn v. Zwilling,* 94 Iowa, 233. The breach of an express oral promise to hold title for another will not constitute fraud on which a court of equity will build up a constructive trust. *Acker v. Priest,* 92 Iowa, 610.

Appellant's counsel contend that the evidence shows the investment by the husband of his own money in part payment for the land, and claim that a trust results to that extent. But under such circumstances there is a presumption that the money paid by the husband was so paid by way of advancement and provision for the wife, and not by way of creating a trust in favor of the husband. *Sunderland v. Sunderland,* 19 Iowa, 325. Furthermore, if any trust arises in case of such a joint contribution in the purchase of property the title to which is

taken in the wife's name, then it is to the extent only to which the husband's money is used in the purchase of the property. *Culp v. Price,* 107 Iowa, 133. It is not pretended that the money contributed by the plaintiff paid for a definite aliquot part of the premises and much less that it constituted one-half of the purchase price. The evidence of the plaintiff is extremely uncertain as to the amounts which were paid by him from time to time on the purchase price. His own means appear to be very limited, and what he paid, according to his own testimony, was largely realized from the products of the land itself which he and defendant occupied as a homestead. The money realized from the products of the farm, although resulting from his own labor, did not necessarily become the property of the husband. *Deere, Wells & Co. v. Bonne,* 108 Iowa, 281; *Gage v. Dauchy,* 34 N. Y. 293. It is well settled that one who asks to establish a resulting trust by parol evidence and engraft the same on the legal title, must do so by evidence that is clear, certain, and practically overwhelming. *Murphy v. Hanscome,* 76 Iowa, 192. And see *Noel v. Noel,* 1 Iowa, 423; *Sunderland v. Sunderland,* 19 Iowa, 325. The evidence for plaintiff, giving to it the most favorable construction which counsel attempts to place upon it, falls far short of the satisfactory showing which is required in such cases. We have discussed the case in the light of appellant's argument, rather than from the record, which is embodied in what is called an abstract, consisting of over 600 printed pages of testimony, set out almost entirely in questions and answers as taken down by the shorthand reporter. The failure to comply with the rules of this court as to the method of preparing the abstract would in itself necessitate an affirmance or dismissal. *Phillips v. Crips,* 108 Iowa, 605; *Cressey v. Lochner,* 109 Iowa, 454; *State v. Hull,* 83 Iowa, 112. AFFIRMED.