J. E. KLEPFER, Appellant, v. CITY OF KEOKUK, Appellee.

**Default judgments:** SETTING ASIDE. An inferior court has jurisdic-
1  tion to set aside a default judgment, notwithstanding a transcript has been filed in the district court.

**Judgments:** EFFECT OF TRANSCRIPT. The filing of the transcript of
2  a judgment in district court makes it a judgment of that court under Code, section 273, simply for the purpose of enforcement.

**Setting aside defaults.** Setting aside a default to permit a defense
3  on the merits is a matter largely within the discretion of the trial court, and its order will not be disturbed except in cases of abuse.

**Affidavit of merits.** In an action for a personal injury, an affidavit
4  of merits in support of a motion to set aside a default, which alleges a belief that the accident was the result of plaintiff's negligence and not that of defendant, is sufficient without setting out all the facts upon which the conclusion rests.

*Appeal from Keokuk Superior Court.*— HON. W. L. MC-
NAMARA, Judge.

MONDAY, FEBRUARY 13, 1905.

ACTION to recover damages for a personal injury. Judgment by default was entered against the defendant city for want of an appearance, and such was subsequently set aside on motion. From the order setting aside the default and judgment, the plaintiff appeals.— *Affirmed.*

*F. M. Ballinger,* for appellant.

*Hazen I. Sawyer* and *H. R. Collins,* for appellee.

BISHOP, J.— The default judgment was entered by the superior court on April 11, 1904, and a transcript was at once taken by plaintiff, and filed in the office of the clerk of the district court of Lee county. The motion by defendant to set aside the judgment was filed on April 13, 1904, and during the term of court at which the judgment was entered.

I.   The first contention presented by appellant is that the court below was without jurisdiction to set aside the default, in view of the fact that a transcript of the judgment had been filed in the office of the clerk of the district court. This contention cannot be sustained. The superior court has jurisdiction concurrent with the district court in all civil matters save in certain respects not material to be here considered. Code, section 260. And the statutes governing procedure in the district court apply to such courts, unless otherwise specially provided. Code, section 263. Judgments by default entered in the district court may be set aside on such terms as to the court may seem just, application being made therefor during the term at which the judgment was entered. Code, section 3790.

1. DEFAULT JUDGMENTS: setting aside.

Counsel for appellant relies, however, upon the provisions, of Code, section 273, relating to superior courts, and which are as follows: " Judgments in said courts may be

made liens upon real estate  *  *  *  by filing transcripts
of the same in the district court, as provided in
this Code in relation to judgments of justices
of the peace, and with equal effect, and from
the time of such filing they shall be treated in all respects
as to their effect and mode of enforcement as judgments
rendered in the district court as of that date, and no execution can thereafter be issued from the said superior court on
such judgments," etc.  Code, section 4537, authorizes the
filing in the district court of transcripts of judgments entered by justices of the peace, and the succeeding section
provides that from the filing and entry of the transcript
the judgment " shall be treated in all respects and in its enforcement as a judgment obtained in the district court.  No
execution shall issue from the justice's court after the filing
of such transcript."  The filing of a transcript in the district court has to do with the matter of the enforcement
of the judgment; the judgment becomes a judgment of the
district court for such purpose, and such only.  It was
never intended by the statues thus providing for a manner
of enforcement to forbid the court entering the judgment
from controlling the same in respect of other matters authorized by law.

2. JUDGMENTS:
effect of
transcript.

Not only has the superior court power to set aside defaults and grant new trials, but a justice of the peace may
set aside a default judgment at any time within six days
after being rendered.  Code, section 4513.  To say that
the right of a judgment defendant may be cut off by the
act of the judgment plaintiff in taking a transcript is to
render nugatory such statute provisions.  However meritorious the right, the district court could grant no relief,
as it has jurisdiction only to enforce.  And the argument
of counsel for appellant, should we follow it, would lead
to a holding that no appeal could be allowed after a transcript has been taken.  If all connection of the court rendering the judgment was cut off by the transcript, and such

judgment became in all respects as if originally entered in the district court, there would be no way to reach the court charged with the commission of error.    The district court would have no record upon which an appeal might be predicated, or upon which to try the case anew should there be an order for remand and new trial.    It must be apparent that the contention of appellant is without force.    The cases of *Little v. Devendorf,* 109 Iowa, 47, and *Oyster v. Bank,* 107 Iowa, 39, are not in conflict with the conclusion thus reached.

II.    It is next urged in argument by appellant that no sufficient excuse for the default was shown to authorize the order setting it aside.    The subject-matter is very largely committed to the discretion of the trial judge, and we will not interfere except in a clear case of abuse.    While negligence pure and simple on the part of the defendant or his attorney will not be sufficient to excuse a default, yet, short thereof, many circumstances and conditions may be accepted when shown, although not wholly blameless.    A busy lawyer will occasionally mislay papers, or the intensity of interest in one case may cause him to forget momentarily what is due from him in respect of another.    It is for the trial court to judge of the merits of the excuse in all such cases.    *Ordway v. Suchard,* 31 Iowa, 487; *Jean v. Hennessy,* 74 Iowa, 349; *Barto v. Electric Co.,* 119 Iowa, 179.    In the instant case it is reasonably made to appear that the failure to enter an appearance was an oversight due to the papers in the case getting misplaced.    It also appears that a change in the incumbency of the office of city attorney took place about the time, from which some confusion resulted.    In any event, the record does not warrant us in finding that the trial court abused its discretion.

III.    As a prerequisite to the setting aside of a default, the statute requires that the defendant file an affidavit of merits, and plead issuably forthwith.    Here the defendant

answered, denying generally.    There was also filed the affi-
4. AFFIDAVITS OF davit of the city attorney to the effect that he
MERIT.          had made an investigation into the facts and
circumstances of the accident complained of by plaintiff,
and therefrom believed that such accident was not caused
by any negligence on the part of defendant or its officers or
agents, but that the same was due solely to the negligence
of plaintiff.    This was sufficient.    True, the affiant states
his belief merely, but it must be remembered that a finding
of negligence or of the absence thereof is nothing more or
less than a conclusion, and it would be unreasonable to re-
quire the setting forth of all the facts and circumstances, and
the inferences and presumptions to be drawn therefrom, upon
which the conclusion was made to rest.    Our attention is
not called to any authority which imposes such a require-
ment.

From what we have said, it follows that the order ap-
pealed from must be, and it is, *affirmed.*