Jessie Craig et al., Appellants, v. Ruth Kueck Welch et al.,
Appellees.

No. 45893.

March 17, 1942.

Austin B. Hogan and Maurice J. Breen, for appellants.

James I. Dolliver, for appellees.

Oliver, J.—Action in equity against Ruth Kueck Welch
and husband to foreclose a real-estate mortgage upon a residence
property in Fort Dodge. The mortgage was made in 1923 by
Albertena Kueck, mother of Ruth Kueck Welch, to secure a

$1,600 loan due in 1926, to J. B. Butler. Albertena Kueck died in December 1935. This suit was instituted in 1940. The defense was the bar of the statute of limitations. In avoidance of this, plaintiffs alleged the statute had been tolled by a written admission of the debt signed by Albertena Kueck. Code section 11018.

Plaintiffs first secured judgment and decree by default for want of appearance by defendants. Thereafter, the default decree was set aside. Subsequently, there was a trial on the merits and the court dismissed the petition. Plaintiffs have appealed.

I. Appellants predicate error upon the order setting aside the default decree. Default had been taken shortly after noon on the second day of the appearance term of court. This came to the attention of appellees' attorney almost immediately. Ten days previously he had prepared a motion, which he had then instructed his secretary to file in the case. He assumed this had been filed and his appearance for appellees thereby entered. Upon learning of the default he immediately questioned his secretary, ascertained the motion had not been filed and caused the same to be filed a few minutes later. At the same term of court appellees filed application to set aside the default, under Code section 11589, averring that the foregoing circumstances constituted an excuse for said default, and setting up as a meritorious defense the statute of limitations, together with a denial that the same had been tolled as alleged in the petition. This application was verified by the attorney and was supported by his oral testimony and the affidavit of Mrs. Welch.

We have frequently stated that the law favors trial upon the merits and have recognized the wide discretion vested in trial courts in setting aside defaults under such circumstances, and the indisposition of this court to interfere therewith in the absence of a clear showing of abuse of such discretion. In this case we think the proof of casualty, as distinguished from negligence on the part of the attorney, tended to show such reasonable excuse for the failure to enter appearance that the trial court's finding of its sufficiency should not be disturbed. Allemang v. White, 230 Iowa 526, 298 N. W. 658; Reilley v. Kinkead, 181 Iowa 615, 165 N. W. 80; Tate v. Delli, 222 Iowa 635, 269 N. W. 871; Mally v. Roberts, 167 Iowa 523, 149 N. W. 630.

Nor do we agree with appellants' contention that there was no sufficient showing of the facts constituting a meritorious defense. In the original petition the apparent bar of the statute of limitations was recognized and sought to be avoided by a plea, in general terms, of an admission in writing by the deceased Albertena Kueck which tolled the statute. The application to set aside default set up the bar of the statute and denied the tolling as alleged in the petition. When considered with the petition as it then stood, the affidavit of merit was clearly sufficient to apprise the trial court of the facts relied upon as constituting a defense and to sustain the holding that the same was meritorious. Klepfer v. City of Keokuk, 126 Iowa 592, 102 N. W. 515; Mally v. Roberts, supra.

II. As finally amended, the allegations of the petition with reference to the written admission of the debt are as follows: That on March 31, 1934, Albertena Kueck made a signed, written application to the Home Owners Loan Corporation for a loan of $1,900 for the purpose of paying the debt in suit herein; that plaintiffs do not have the original of said application but that in answer to questions as to mortgages upon the premises it gives the following information: "Mortgage to J. B. Butler, Nov. 13, 1923, in sum of $1,600.00, due Nov. 13, 1926. Interest at 7% amounting to $290.00 unpaid." That plaintiffs are not able to make a verbatim copy thereof, but in lieu thereof attach to and make a part of the petition as complete and accurate a copy of said application as they are able to make, and allege that the original of said application was, in substance and form, substantially the same as said copy, which is marked "Ex. 'C'." Exhibit C purports to be made upon form No. 1 of the HOLC application for loan. It covers two printed pages of the abstract and in addition to the foregoing quoted statement contains various other statements concerning the property, the applicant, family, etc. Appended thereto is the typewritten signature "Albertena Kueck."

This Exhibit C, with certain changes, was offered in evidence as Exhibit U. Appellants do not assert Exhibit U is a true copy of an application executed by Mrs. Kueck. Their contention is that she signed an instrument substantially like Exhibit U. A representative of the HOLC testified that many of

their rejected applications had been destroyed and that no application could be found in the Albertena Kueck file. Apparently, the HOLC had also destroyed all the forms for such applications in use in 1934. The witness testified also that there were some changes in these forms from time to time but the substance was "about the same."

With this as a foundation, one of counsel for appellants had synthetically constructed the instrument Exhibit U. For the framework he used a form of application which the HOLC had prepared some years after 1934. The date on Exhibit U, March 31, 1934, was taken from a skeleton carbon of a paper executed by the agent for the holder of the mortgage here in suit. The information shown in Exhibit U (except some statements which apparently came from the general information of counsel) was secured from a skeleton carbon copy of certain words and figures which the agent produced and testified were typewritten, under his direction, upon a different HOLC blank, on June 18, 1935, more than a year subsequent to the date on Exhibit U. This skeleton carbon copy was offered in evidence as Exhibit G. Neither the original of Exhibit G nor any HOLC blank form upon which the skeleton carbon copy could be fitted was produced.

This heterogeneous Exhibit U, to which appellants refer as "reconstructed," was supplemented by certain HOLC records and evidence to the effect that the HOLC required applicants for loans to fill out and execute its forms. From said Exhibit U, and evidence, appellants would draw the inference that Albertena Kueck must have signed an application to the HOLC, and the further inference that such application must have contained the statements set out in Exhibit U relative to appellants' mortgage.

The remaining material portions of the record deal with the question whether or not Mrs. Kueck signed an application to the HOLC for a loan on or about March 31, 1934. She had been paralyzed and a bedfast invalid since 1925. According to the substantial weight of the evidence, for a number of years prior to her death in 1935, she was physically unable to sign her name. Her two daughters, who continuously attended her night and day, were called as witnesses for appellants. Their testimony was to the effect that they never saw Albertena Kueck,

nor anyone for her, sign any papers for the HOLC. Nor did they see her signature on any such papers. No representative of appellants nor of the HOLC claims to have seen her signature, or to have seen her or had any dealings directly with her at or about the time in question.

Martin Kueck, the divorced husband of Albertena Kueck, who was then living in the same house with Mrs. Kueck and their daughters, testified as a witness for appellants that Albertena Kueck signed several sets of papers or applications from the HOLC by touching the pen when he signed her name, and that these two were alone upon each of said occasions. He further testified that Exhibit U was, in substance, the application he signed for her.

At this point it should be again noted that the blank form used in constructing Exhibit U was not in existence until after the death of Mrs. Kueck. Martin Kueck was aged, was unable to see without glasses, had forgotten his own and had temporarily borrowed eyeglasses from counsel for appellees. Without detailed discussion of the record, it may be said that, under the circumstances, the easy familiarity assumed by this witness with the rather lengthy provisions of an allegedly lost instrument which he claimed to have seen seven years previously tends to render his testimony improbable. The trial court saw and heard this witness and had this to say:

"Finally there is Martin Kueck, the divorced husband, who couldn't so much as read the writing on any of these printed papers. * * * I doubt that he was able to read a single line in Exhibit U, * * *

"If [the testimony of Martin Kueck] is all that counsel has to rely on, I have to say that it makes little or no impression on me whatever—in fact none whatever. I will venture to say that Martin Kueck wasn't able to read a single sentence in that paper as he sat there, right in front of me, and said that she touched her fingers to the pen, when some such document as that was signed."

It is a well-established rule that the conclusion of the trial court upon the credibility of witnesses who testify before it is entitled to consideration upon appeal. Carter v. Cohen Bros.,

181 Iowa 588, 592, 164 N. W. 1040, 1041; Bowman-Boyer Co. v. Burgett, 195 Iowa 674, 677, 192 N. W. 795, 797; Panama Sav. Bk. v. Arkfeld, 228 Iowa 313, 318, 291 N. W. 182, 184. In the light of this rule and the foregoing circumstances we conclude the testimony of this witness should be given little probative force.

Appellants' attempted avoidance of the bar of the statute of limitations is based upon the theory that Mrs. Kueck executed the written instrument admitting the debt was unpaid. Code section 11018 requires such admission to be in writing, signed by the party to be charged. The alleged written instrument was not produced and was claimed to have been lost. It is the settled rule that the former existence, execution, delivery, loss, and contents of a lost instrument must be shown by clear, satisfactory, and convincing evidence in order to establish the same. There are certain exceptions to the rule, not here material. 38 C. J. 279; 34 Am. Jur. 627; Chidester v. Harlan, 180 Iowa 171, 159 N. W. 659; Forrest v. Otis, 224 Iowa 63, 276 N. W. 102; Goodale v. Murray, 227 Iowa 843, 289 N. W. 450, 126 A. L. R. 1121.

The evidence is insufficient to establish, by the required degree of proof, the alleged lost instrument pleaded in this case. There was no credible direct testimony that the alleged lost instrument contained the pleaded clause admitting the debt, or that the deceased Mrs. Kueck signed the alleged instrument, or that her signature appeared thereon. Counsel for appellants labored diligently in their attempt to furnish the required degree of proof by circumstantial evidence. However, the required clear, satisfactory, and convincing evidence was not presented, probably because it was not in existence. We agree with the conclusion of the trial court that the evidence was insufficient to establish the pleaded written admission, and that the debt and mortgage in suit were barred by the statute of limitations.

Wherefore, the decree of the trial court is affirmed.—Affirmed.

BLISS, C. J., and MILLER, SAGER, GARFIELD, HALE, STIGER, and WENNERSTRUM, JJ., concur.