THELMA I. NEWELL, appellant, v. ROY G. TWEED, appellee.

## No. 47470.

(Reported in 40 N.W. 2d 20)

December 13, 1949.

Raymond E. Hanke, of Des Moines, for appellant.

Comfort, Comfort & Irish, of Des Moines, for appellee.

Wennerstrum, J.—Plaintiff in an equity action sought to establish an oral contract by which it is claimed she should have a lien or a constructive trust imposed on a two-hundred-forty-acre farm purchased by defendant. She also sought an accounting of the net profits resulting from the operation of the farm by the defendant and judgment for two promissory notes with interest. The defendant denied that he was indebted to plaintiff in any amount and pleaded several defenses. Upon trial the court found for the defendant and dismissed plaintiff's action. She has appealed.

Appellant in her petition claims that on May 17, 1937 she and the appellee entered into an oral agreement to engage in the business of buying and selling electric washing machines, electric appliances and equipment, that she was to have a fixed drawing account of $150 per month and in addition thereto one half of the net profits of the business after the appellee had received his own personal living expenses as a part of the cost of

its operation. The appellant pleaded that the appellee took all the net profits obtained from the business in cash and thereafter either invested it in the business operations or made other investments for the benefit of the appellant and appellee. The petition further stated that the investments as made were to be taken in the name of the appellee but that he was to hold the same with one-half as his own and the other one-half interest in trust for the appellant. It is further claimed that on September 18, 1939, the appellant and appellee incorporated the business under the name of the Tweed Washing Machine Company turning over to it the assets of the former enterprise. It is also claimed that after the organization of the corporation the appellant and appellee each drew salaries for their own living expenses. Thereafter during the year 1943 the corporation was dissolved by the written consent of the appellant and the appellee who were the only stockholders. In this connection it should be stated that in the evidence presented it was shown that during the time the business was incorporated the appellee held forty-eight shares of stock in his name and the appellant held six shares.

It is further claimed in the petition that after the corporation was dissolved the business was conducted jointly until March 1944 under the same conditions and terms as originally entered into on May 17, 1937. It is further pleaded that in March 1944 the appellee disposed of all the assets of the business and converted the money to his own use. It is the appellant's further claim that in the year 1942 there was over $33,000 on hand which belonged equally to both the parties and that it was agreed they would use the money to buy two hundred forty acres of land in Grundy County, Iowa, that the title to the farm was taken in the appellee's name and that she owns a one-half interest therein which she claims the appellee holds in trust for her. It is also contended that in addition to the purchase of the farm approximately $5000 was spent by the appellee out of the earnings of the business venture claimed to be carried on by the parties in the purchase of an undivided one-half interest in the livestock brought upon the farm. The appellant claimed that the appellee had refused to make any accounting to her for her share of the earnings of the farm or of the personal property on it. In her pleadings she asked the court that a declaratory judgment be entered wherein it would be determined what her rights, title

and interest are in both the personal property and the real estate and to establish and confirm the oral agreement claimed to have been entered into. She further pleaded that the appellee be required to make an accounting and that judgment be entered against him for whatever amount the court might determine she was entitled to as a result of said accounting. It was appellant's further claim that the appellee borrowed $1050 from her, as evidenced by two notes which have never been paid. She asks that judgment be entered against the appellee for this amount. In this connection she admitted the appellee had paid her $2000 in cash but that this should be allowed as a credit against any judgment rendered against appellee in her favor.

Subsequent to the filing of appellant's petition a default judgment was entered against the appellee herein. We shall later comment on the setting aside of the judgment entered. The appellee thereafter filed an answer in which he asserted he did employ the appellant during the period of time stated in her petition but it is his claim that he paid her only a fixed salary under an oral agreement entered into when she commenced her employment. It was further pleaded by the appellee that this agreement was never changed during the time he operated the business, that he has paid her all that she was entitled to as fixed wages and that he is not indebted to her in any amount. The appellee admitted that he purchased the farm referred to in appellant's petition, has improved it and purchased stock which was placed on it. However, he asserted that the investments made were with his own money and that the appellant has no interest in any of these purchases. He also contended that if he did owe her any money, which he does not admit, her claim is barred by the statute of limitations.

The original notice of the filing of appellant's petition was served on the appellee on December 30, 1946. In the original notice the appellee was advised that unless he appeared and defended within thirty days after the service of the notice default would be entered and judgment rendered against him. On February 11, 1947, no answer or pleading having been then filed by the appellee, a judgment by default was entered against him by the Honorable C. Edwin Moore, one of the judges of the Polk County District Court. Evidence was introduced prior to the entry of the default judgment. Thereafter on April 5, 1947 the

appellant filed a motion to set aside the judgment entered. In this motion it was pleaded that excusable oversight, inadvertence and honest mistake had been made by appellee's then counsel, Walter F. Maley. As a part of said motion it was alleged that at the time the appellee was served with the original notice of the pendency of this action he immediately went to the office of Mr. Maley, that he did not see him at that time but he went back on different occasions within the next three or four days and within four days after receiving the notice he did see Mr. Maley. At the time the appellee first called at this attorney's office he left the original notice and that when he did see Mr. Maley the notice was called to his attention. The appellee, in his testimony which was presented at the hearing on the motion, stated that he advised Mr. Maley as to the circumstances of the appellant's employment and that the attorney stated to him he doubted whether the petition would ever be filed. The appellee further testified that several times during the month of January 1947 he called Mr. Maley by long-distance telephone and also called him two or three times during the month of February 1947. On the occasions when he was able to talk with him by telephone he was advised that no petition had been filed and that there was nothing about which appellee should worry.

Mr. Maley, in connection with the presentation of evidence in support of the motion to set aside the default, testified that he thought he had placed the original notice relative to the instant action in a Tweed file which he had pertaining to other matters; that he was busily engaged at that time in trial and appellate work and that he had assigned to an office associate, Ted E. Hartung, the responsibility of watching the filing of papers in cases in which he was interested and had been retained. Mr. Maley testified that he never gave the original notice in the present action to Mr. Hartung but that he thought he had told him about the case. There was other Tweed litigation which was then pending and receiving attention by the Maley office at that time. It is further disclosed by the testimony that on or about March 24, 1947 it was learned that the default judgment had been entered against the appellee, that at that time Mr. Maley was again consulted and that he, Maley, then discovered the original notice in the present case under some papers on his desk.

Mr. Hartung testified that Mr. Maley had given him instruc-

tions relative to looking after certain cases that were pending and which were to receive attention by the office, including some litigation involving the appellee, Tweed, but that he, Hartung, was not informed of any litigation in which Tweed and the appellant were involved. Mr. Maley further testified that he had never given the original notice, which the appellee had brought to his office, to Mr. Hartung but that he thought he had told him he would find it in the Tweed file. Upon the facts as above set forth, which have been materially summarized, the Honorable C. Edwin Moore sustained the appellee's motion to set aside the default. This ruling, adverse to the appellant, is one of the grounds on which she seeks a reversal in this case.

I. Rule 236, R.C.P., is as follows:

"On motion and for good cause shown, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. Such motion must be filed promptly after the discovery of the grounds thereof, but not more than sixty days after entry of the judgment. Its filing shall not affect the finality of the judgment or impair its operation."

 It has been the holding of this court that where a party in good faith is shown to have intended to defend but fails to do so because of accident or excusable neglect the trial court is justified in setting aside the default and in permitting the pleading of a defense. Reilley v. Kinkead, 181 Iowa 615, 165 N.W. 80. Courts look with favor upon trials and the rights of a litigant should not be denied proper hearing by strict application of legal formalities. McMillan v. Osterson, 191 Iowa 983, 985, 183 N.W. 487; Allemang v. White, 230 Iowa 526, 529, 298 N.W. 658. The sufficiency of the showing rests largely in the discretion of the trial court. Clarke v. Smith, 195 Iowa 1299, 1302, 192 N.W. 136; Bossenberger v. Bossenberger, 210 Iowa 825, 827, 229 N.W. 833. The setting aside of a default by a trial court and the granting of a new trial will not ordinarily be disturbed on appeal when it is shown that the defendant apparently had a good defense, had honestly intended to present it and had justification for supposing that he had arranged for its presentation. Tate v. Delli,

222 Iowa 635, 269 N.W. 871. This court has heretofore indicated a disposition to affirm the discretion exercised by a trial court in setting aside a default and such ruling will not ordinarily be disturbed in the absence of the abuse of this discretion. Klepfer v. City of Keokuk, 126 Iowa 592, 595, 102 N.W. 515; Mally v. Roberts, 167 Iowa 523, 524, 149 N.W. 603; Craig v. Welch, 231 Iowa 1009, 1010, 2 N.W. 2d 745.

It is our conclusion that there is no justification for our holding that the trial court abused its discretion in setting aside the default judgment in the instant case. The facts pleaded in the motion to set aside the default have been sustained by the evidence. We do not believe the interests of justice would be furthered by our holding that there was no excusable neglect. This is particularly true when we realize that the failure to originally file an answer in this cause was in no way the fault of the appellee. The statement made by this court in Hatt v. McCurdy, 223 Iowa 974, 986, 274 N.W. 72, 78, is applicable to the instant case. We there stated:

"In any event, the record satisfies us that the appellants themselves were guilty of no negligence whatever. They had employed reputable counsel to protect their interests, and whatever may have been the true inwardness of the fact situation, they, at least, were not to blame. We hold they should 'have had their day in court,' * * *."

II. The appellant in her brief and argument contends the evidence presented by her shows that the appellee was holding a one-half interest in the farm purchased by him and in the personal property on it as a constructive trustee for her. We do not find in the evidence the essentials of a constructive trust. Fraud, of an actual or constructive nature, is an essential element in the creation of a constructive trust. Mead v. City National Bk., 232 Iowa 1276, 1281, 8 N.W. 2d 417; Farrell v. Wallace, 161 Iowa 528, 143 N.W. 488. The appellant's petition and amendments thereto did not plead that appellee had fraudulently conducted himself in the purchase of the farm and personal property in such a manner as to create a trust relationship between the parties. The fact that the appellee refused to perform the claimed agreement for which the appellant contends, and the

denial of the agreement on the part of the appellee do not constitute fraud by which a constructive trust can be established. Dunn v. Zwilling Brothers, 94 Iowa 233, 239, 62 N.W. 746; Acker v. Priest, 92 Iowa 610, 620, 61 N.W. 235. See also 54 Am. Jur., Trusts, page 171, section 221; also Arnold v. Hall, 72 Wash. 50, 129 P. 914, 44 L. R. A., N.S., 349, 351.

It is apparently appellant's further contention as evidenced by her brief and argument that if a constructive trust has not been shown, then a resulting trust was created. It is stated in 54 Am. Jur., Trusts, page 152, section 193, that "* * * broadly speaking, a resulting trust arises from the nature or circumstances of consideration involved in a transaction whereby one person thereby becomes invested with a legal title but is obligated in equity to hold his legal title for the benefit of another, the intention of the former to hold in trust for the latter being implied or presumed as a matter of law, although no intention to create or hold in trust has been manifested, expressly or by inference, and although there is an absence of fraud or constructive fraud."

If a resulting trust has developed by reason of the taking of title to the property in question by appellee, it is because appellant furnished a part of the consideration and is therefore entitled to a beneficial interest in the property in question.

To establish a resulting trust, the evidence must be clear, satisfactory, and convincing. Hyatt v. Cochran, 37 Iowa 309. In Andrew v. Andrew, 114 Iowa 524, 526, 87 N.W. 494, this court in commenting on the necessary proof to establish a resulting trust stated the evidence must be clear, certain, and practically overwhelming. Other Iowa cases relative to property claimed to be held in trust and the required proof to establish a trust relationship are fully and thoroughly summarized in Sinclair v. Allender, 238 Iowa 212, 221–225, 26 N.W. 2d 320.

The oral contract which the appellant claimed she entered into with the appellee provided for a division of the profits of the washing machine and appliance business. It was only after the parties had terminated their business relationship that she asked for an accounting. During the period of her association with the enterprise she seemed quite satisfied with the salary payment of $150 per month and an occasional bonus payment. The appellant at no time made any report to the Federal or

State Government of any such profit or income as she now seeks to claim. The income-tax reports made to the state and federal taxing units by the business venture in which she claims she had a one-half interest in the profits were compiled from the records which she kept as a bookkeeper. At the time of the making of these reports by the appellee the appellant made no claim of any interest in the business or its profits. During the time the enterprise was incorporated she held only six shares out of a total of fifty-four. This division of the shares of stock or interest in the business was later terminated when the corporation was dissolved.

The appellant's claim to an interest in the farm here involved is largely based on her testimony. Although appellant knew that the title to the farm had been taken in appellee's name she made no demand to have her interest in it conveyed to her until shortly before her suit was started. There are other phases of the evidence which might be set out but they do not particularly bear upon the proof which the appellant has to present in order to sustain her contentions that the property held by the appellee should be burdened by a resulting trust for her. We are abidingly satisfied that the appellant has failed materially to sustain the burden of showing a resulting trust and that the appellee held a one-half interest in the farm and an interest in the personal property on it in trust for the appellant.

III. The appellant also claims that the appellee is indebted to her on two notes totaling $1,050. It is admitted by the appellant that she has been paid $2,000 by the appellee. Under the circumstances we cannot find that she is entitled to any recovery on these notes.

IV. We do not deem it necessary to comment on the appellee's contention that the appellant's claim generally for a money judgment is barred by section 614.1(9), Code of 1946, wherein it is provided that an action "* * * founded on claims for wages or for a liability or penalty for failure to pay wages, [shall be commenced] within two years." Our disposition of the fundamental claim of the appellant makes it unnecessary to pass on this claimed statute of limitation.

We hold that the trial court was correct in its decision and that it should be affirmed.—Affirmed.

All JUSTICES concur.