MILLARD HANDY, appellant, v. LENORE HANDY, appellee.

No. 49681.

(Reported in 96 N.W.2d 922)

Life & Davis, of Oskaloosa, for appellant.

Richard Schlegel, of Ottumwa, for appellee.

Larson, J.—In this appeal the assigned error is that "The trial court exceeded its area of discretion in sustaining defendant's motion to set aside decree [of divorce] entered September 23, 1957." Appellant contends no grounds existed or were shown justifying the setting aside of the decree, that the application to set aside the default judgment was based only upon defendant's affidavit, which was insufficient, and that it lacked factual support of a good defense as required by law.

The trial court found that defendant's case was "a bona fide one", that excusable neglect, mistake, or unavoidable casualty appeared, set the judgment aside, and ordered the case tried on its merits.

The facts are few and simple. Plaintiff filed his petition for divorce September 10, 1954. Defendant filed pleadings, including a cross-petition, and the issues were established. The case was listed in the trial assignment for September 10, 1957. In the meantime defendant's counsel, who had been associated with the Ottumwa, Wapello County, Iowa, firm of Jones, White & Starr, left that firm and established his office and practice at Fairfield, Jefferson County, Iowa. It was possible that notice of the assignment did not reach him. In any event he failed to appear on September 10 and the case was reassigned for September 16, 1957, at 10 a.m. Pursuant to an order of court, Mr. Starr, defendant's counsel, was notified of the date by registered

mail, but for some unexplained reason he did not appear. Efforts to reach him at the appointed hour were without success and, after waiting an hour, the court permitted the plaintiff to introduce his evidence. The court then directed the clerk to notify Mr. Starr that *"if no action was taken by defendant by September 23rd"* decree would be signed and her counterclaim dismissed. Mr. Starr was so notified. When he did not appear in person or by pleading by the morning of September 23, 1957, the court signed the decree in favor of plaintiff and it was filed in the office of the clerk.

In the afternoon of the same day Mr. Starr did appear and asked the court to vacate the decree on the ground that he still had the rest of the day, or until adjourning time, in which to take appropriate action.

The trial court was greatly disturbed by this request, in view of its entry, above referred to, and stated in its order setting aside the decree that, although it had intended that whatever was done must be done "before or by" the convening of court on September 23, it could not say counsel was wrong in assuming that the words "by September 23rd" gave him all of that day in which to act.

At 3:59 p.m. on September 23 defendant did file a motion asking that the decree signed that date be set aside as prematurely entered, and requested the court to prescribe and provide notice to plaintiff of the time and place for hearing on the motion. This was done, and on the morning of the hearing, July 1, 1958, defendant filed an affidavit stating that she had a good cause in "That subsequent to the commencement of said action, this affiant removed herself from the family home by reason of the conditions existing in said home at that time" and that she was away thereafter teaching school. She further stated that she had made "diligent effort to acquire the trial and determination of this matter", and that she was unaware of the assignments made in this case until after the decree was signed; that she had a "meritorious defense", "ample grounds" for divorce against plaintiff, and that by reason of unavoidable casualty and misfortune, or excusable neglect on her part, she was deprived of a trial on the merits.

I. Although defendant was not present at the hearing on her motion, her present counsel offered to bring her before the court for examination relative to her allegations of good cause. At the same time the judge suggested, due to his knowledge of the case, that some other judge hear the matter. However, plaintiff's counsel did not wish a continuance, and counsel for both parties expressed a desire that this judge hear and pass upon the motion. Appellant's counsel stated, "Your Honor will have knowledge of these matters" and "That is exactly the reason" it was desirable to have this judge hear the motion.

Under rule 116, R. C. P., when the parties agree, it seems permissible to consider any form of evidence in passing on a motion. Rule 116 provides:

"Evidence to sustain or resist a motion may be by affidavit or in any other form to which the parties agree or the court directs. The court may require any affiant to appear for cross-examination."

Apparently here the parties contemplated that the court take into consideration its knowledge of all the facts and circumstances surrounding this matter. However, we must point out such evidence is a little hard to review or evaluate in this type of an appeal, which is not de novo. While complete confidence in the trial court is laudable and not misplaced here, we must point out that when such knowledge is accepted as evidence, the ultimate result is practically a finality of the trial court's determination or ruling on that motion.

Here we are confronted by this unanswerable question. What part did the court's knowledge of the issues, contentions and testimony in this matter, and of the facts relating to the alleged excusable neglect, misfortune and unavoidable casualty play in its decision as to whether good cause as provided in rule 236, R. C. P., was shown? We must assume it was considered within the scope of that intended by the parties. Regardless of that fact, appellee contends sufficient appears in the record to sustain the trial court's broad discretion, and that it fairly accomplishes the desired result of having matters of this kind decided upon their merits. We must agree.

II. It is plaintiff-appellant's contention that defendant did not carry her burden to show good cause or unavoidable casualty,

as required in rule 236, R. C. P., and did not show sufficient facts to justify the court's finding. Johnson, Lane & Co. v. Nash-Wright Co., 121 Iowa 173, 96 N.W. 760; Andres & Co. v. Schlueter, 140 Iowa 389, 118 N.W. 429. Rule 236 provides:

"On motion and for good cause shown, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. Such motion must be filed promptly after the discovery of the grounds thereof, but not more than sixty days after entry of the judgment. * * *."

A "good cause", we said in Svoboda v. Svoboda, 245 Iowa 111, 118, 60 N.W.2d 859, 863, is a sound, effective and truthful reason. "It is something more than an excuse, a plea, apology, extenuation, or some justification, for the resulting effect." It is then clear that the facts of each case govern the determination of whether the trial court's action was proper. If the facts related to the court by testimony or affidavit, taken with or without the court's knowledge of the matter, made it clear to the court that the party in good faith intended to appear and defend, but failed to do so because of accident, mistake or excusable neglect, the trial court would be justified in setting aside the default and judgment, and we will not interfere.

While the requirement of the rule is "good cause shown", we are not inclined to be more critical of the trial court in considering the facts shown in light of its knowledge than counsel was prior to the hearing. It is true that few facts were related in the affidavit to support the statement by defendant that she has a meritorious defense, but apparently counsel for plaintiff at the hearing did not seriously question that sworn statement, and agreed that the court could consider its knowledge to sustain or deny the motion. Rule 116, R. C. P.

From the pleadings themselves which were before the court, factual statements may be found to support the court's finding that the action was bona fide. In her reply to plaintiff's answer to her cross-petition, defendant states "* * * that she denies that without cause or on her own volition, she sought and obtained employment as a teacher in the public schools of the State of Iowa; that on the contrary, the conduct of the plaintiff was such

that he forced her from her home, and that the plaintiff failed to support the defendant, forcing her to support herself * * *."

■ The court's duty in this proceeding is to ascertain from the evidence whether any facts existed which, if established on retrial, would prima facie constitute a defense. Johnson, Lane & Co. v. Nash-Wright Co., supra; Miracle v. Lancaster, 46 Iowa 179; Dryden v. Wyllis, 51 Iowa 534, 1 N.W. 703; Worth v. Wetmore, 87 Iowa 62, 54 N.W. 56.

In Cook's Revised Edition of Iowa Rules of Civil Procedure, on page 667 of Volume 2, it is stated that "good cause" in rule 236 requires "at least a claimed defense asserted in good faith."

■ In Volume 5 of Iowa Forms, Civil Procedure and Practice, by Loth, at page 258, the author comments that "Defaults may be set aside either under R. C. P. 236, within 60 days, or under R. C. P. 252 thereafter. In either case a defense should be shown and tendered; because 'good cause' does not exist without a defense. [Citing] Svoboda v. Svoboda. The excuse for having defaulted must be both pleaded and proved. [Citing] Booth v. Central States Mut. Ins. Assn., 235 Iowa 5, 15 N.W.2d 893, and Kern v. Sanborn, 233 Iowa 458, 7 N.W.2d 801. The trial court has considerable discretion either way as to what is 'good cause' if a showing is made; but it must be shown, and the party seeking the relief has the burden. [Citing] Newell v. Tweed, 241 Iowa 90, 40 N.W.2d 20."

■ III. In passing upon the merits of a showing of "good cause" in a proceeding of this kind, the trial court exercised a broad sound judicial discretion, which, unless clearly and manifestly abused, will not be disturbed on appeal. Svoboda v. Svoboda, supra, 245 Iowa 111, 118, 60 N.W.2d 859, and many cases cited therein. Wide latitude must be given the trial court, and this court is more reluctant to interfere with an order setting aside a default and judgment than in denying it. The rule is clear that such a court determination can only be interfered with when it is without support in the evidence. The finding is entitled to the same weight as a jury verdict. Andres & Co. v. Schlueter, supra, 140 Iowa 389, 398, 118 N.W. 429, 432; Bradshaw v. Des Moines Ins. Co., 154 Iowa 101, 105, 134 N.W. 628; Booth v. Central States Mutual Ins. Assn., 235 Iowa 5, 11, 15 N.W.2d 893, 896; In re Estate of Tiernan, 232 Iowa 139, 143,

4 N.W.2d 869, 871. Many other decisions may be cited, but the rule as applicable here may be said to be that every presumption will be indulged in favor of the correctness of the trial court's finding as to good cause shown when the judgment is vacated.

In upholding the trial court's action in setting aside a default judgment in Newell v. Tweed, 241 Iowa 90, 95, 40 N.W.2d 20, 23, we said: "The setting aside of a default by a trial court and the granting of a new trial will not ordinarily be disturbed on appeal when it is shown that the defendant apparently had a good defense, had honestly intended to present it and had justification for supposing that he had arranged for its presentation." Also see Tate v. Delli, 222 Iowa 635, 269 N.W. 871.

Viewed most favorable to defendant, the record is clear that she placed her case in the hands of a lawyer in a reputable firm in Ottumwa, Iowa. She thought the case was being properly prosecuted in her behalf and was not aware of the laxity of her counsel. She did not teach in that locality. It was her apparent claim that she was forced from her home by plaintiff's conduct, and that she had a good defense to his action based on desertion and cruel and inhuman treatment, and that due to a mistake her counsel did not appear at the time set, although he did appear on the day prescribed. Whether we would accept the explanation of counsel for being late on September 23 is beside the point, for, under the facts before it, that finding was for the trial court alone, and its conclusion was no abuse of its discretion.

IV. In so deciding, we find plaintiff's counsel was in no way at fault. We do think the evidence of diligence on the part of defendant's counsel left much to be desired. It may be said, however, that the liberality of rule 236 and its construction is aimed to assure, if possible, that all litigants have a fair opportunity to have their cases decided by the courts on the merits. To that extent some may suffer inconvenience and expense for the public good. As expressive of this desired result, though perhaps unnecessary to this decision, we refer to the expressions in Peterson v. Koch, 110 Iowa 19, 21, 81 N.W. 160, 161, 80 Am. St. Rep. 261, when we said:

"Many cases are cited to the effect that negligence of one's attorney is not a ground for new trial. An examination of the

cases cited shows that negligence, whether of the party or of counsel, is not a ground for new trial, and that the client is only held chargeable with the negligence of his attorney when that negligence may be imputed to him; or, in other words, when, by the exercise of care on his part, he would have avoided the consequences of the negligence of his attorney." The court then concluded on page 23: "They [applicants] had no reason to anticipate the failure of their attorneys to attend to the case, and therefore the negligence of the attorneys cannot be imputed to them", and decided the case was truly a case of unavoidable casualty or misfortune.

Thus the inconvenience and delay of plaintiff, though not at fault, must give way to the greater right of the litigant who personally is not negligent, to have his case decided on its merits, especially when it appears the sole neglect resulting in the default and judgment is that of an attorney.

V. We are well satisfied from the entire record that the court could find that defendant herself was not to blame for the failure to defend promptly, that the defendant's counsel's interpretation of the time for his appearance to prevent the entering of decree against his client was reasonable, and that the facts recited in support of her motion, viewed in the light of the court's knowledge, formed a proper basis for the court's finding. So considered, there was no abuse shown of the broad discretion of the court to set aside the former decree and order the case tried upon the merits.

VI. One other matter requires disposition at this time. On April 15, 1959, defendant presented her application for temporary alimony, suit money and attorney fees to two members of this court. Upon consideration thereof and plaintiff's resistance, it was ordered that this application should be submitted with the main appeal and there decided.

It was then ordered that, pending such final determination, plaintiff, Millard Handy, on or before May 1, 1959, pay Richard Schlegel, defendant's attorney, the sum of $100 to reimburse him for expenses incurred in presenting this matter, including costs of printing appellee's brief and argument. The balance was to apply on his attorney fees, and such amount is now considered in this decision.

In addition to that balance, it is ordered that the plaintiff, Millard Handy, pay to Richard Schlegel the sum of $300 as attorney fees for representing defendant in this appeal, and that due to the fact that this divorce action may now be tried at an early date, no support money need be paid during the pendency of the action in the district court.—Affirmed.

THOMPSON, C. J., and BLISS, GARFIELD, OLIVER, PETERSON, GARRETT, and THORNTON, JJ., concur.