GEORGE HOBBS, appellee, v. MARTIN MARIETTA COMPANY, formerly American Marietta Company, et al., appellants.

No. 51544.

(Reported in 131 N.W.2d 772)

DECEMBER 15, 1964.

Shuttleworth & Ingersoll, of Cedar Rapids, for appellants.

McMahon & Cassell, of Algona, and Barnes, Wadsworth, Elderkin, Locher & Pirnie, of Cedar Rapids, for appellee.

LARSON, J.—The problem presented by this appeal is whether the trial court abused its judicial discretion in refusing to set aside a default and judgment rendered against defendants in an action for personal injuries brought in Linn County, Iowa.

The accident out of which this action arose occurred at a rock quarry in Chickasaw County, Iowa, November 26, 1960. As a result of a blasting operation, plaintiff alleged he was severely injured and claimed damages in the sum of $19,604.75. Action against defendants was commenced in the Linn County District Court on November 1, 1962. The original notices were served upon defendants by delivering a copy to Glenn H. Ulfers, vice-president and controller of Concrete Materials and Construction Company, at defendants' place of business in Cedar Rapids, Iowa.

Ulfers advised his superior of the service and on November 2, 1962, mailed the original notices by certified mail to Jay A. Misicka, assistant insurance manager of defendant company in Chicago, Illinois. Several days later Ulfers talked to Misicka by telephone and was assured the original notices had been promptly forwarded to Marsh & McLennan, their insurance agents.

It appears Misicka received the notices on November 5, 1962, and on the same day sent one copy thereof to Marsh & McLennan

by special messenger. The notice was placed in an envelope addressed to Marsh & McLennan, attention of William J. Wilczynski, Jr., the individual who handled defendants' business in that agency.

The special messenger who delivered this envelope, John J. Russell, was employed as mail clerk and special messenger in defendants' Chicago office. It appears he made this delivery to the mail room of Marsh & McLennan in the early afternoon of November 5, 1962. While this was the usual procedure, somehow Mr. Wilczynski did not receive the notice of this action and does not know what happened to it.

When no appearance was filed on behalf of defendants, an unreported hearing was had before the court on November 27, 1962, and a default judgment was rendered for plaintiff in the sum of $19,604.75 together with interest and costs.

Defendants received a written notice of the entry of this judgment from the Linn County Clerk of Court, and on January 4, 1963, filed a motion to set it aside in accordance with the provisions of rule 236, Rules of Civil Procedure, alleging the default occurred because of mistake, inadvertence, surprise, excusable neglect or unavoidable casualty, and that it had a good and meritorious defense to the plaintiff's claim. By amendment, supplemental affidavits in support of the motion were filed. Resistance denying defendants' allegations was filed by plaintiff January 11, 1963.

Following a hearing on December 13, 1963, the court entered its order overruling defendants' motion to set aside the default and judgment, and defendants appeal.

Assigned errors relied upon for reversal are: (1) The trial court abused its discretion in refusing to set aside the default and judgment rendered against defendants. (2) The trial court erred in not sustaining defendants' motion filed under rule 236, R. C. P., for good cause shown on the ground that it appears there was mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. These assignments being closely related, we shall consider them together.

I. Rule 236, Rules of Civil Procedure, provides: "On motion and for good cause shown, and upon such terms as the

court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. Such motion must be filed promptly after the discovery of the grounds thereof, but not more than sixty days after entry of the judgment. Its filing shall not affect the finality of the judgment or impair its operation."

This difficult problem involves an interpretation and application of rule 236, supra. Questions of this nature have long been considered by the courts of this state, as well as others. Section 11589 of the Code of 1939 made similar provisions for setting aside defaults, and used the words "a reasonable excuse shown." Corresponding sections in the Codes of 1897, 1873, 1851 and the Revision of 1860 indicate the period such motions have been authorized. Those sections required affidavits of merit, omitted in rule 236, but the latter requires "good cause shown." We said in Svoboda v. Svoboda, 245 Iowa 111, 118, 60 N.W.2d 859, "A 'good cause' is a sound, effective and truthful reason. It is something more than an excuse, a plea, apology, extenuation, or some justification, for the resulting effect." It also requires " 'at least a claimed defense asserted in good faith'."

In discussing rule 236 the author in 2 Iowa Rules of Civil Procedure, Revised Edition, by Cook, page 666, said, "It is doubtful how far changes from the statutory language have changed the practice on these points." (Eight requirements set out) The advisory committee in its comment states, "The setting aside of defaults and judgments entered thereon has been liberalized." That intent and purpose should be borne in mind as we interpret and apply this rule. It appears we have done so in recent cases. See Edgar v. Armored Carrier Corp., 256 Iowa 700, 128 N.W.2d 922; Handy v. Handy, 250 Iowa 879, 96 N.W.2d 922; Newell v. Tweed, 241 Iowa 90, 40 N.W.2d 20; Svoboda v. Svoboda, supra.

This court has seized upon the words "good cause shown" when affirming the trial court's order setting aside a default and judgment, and has added that in passing upon the merits of a showing of "good cause" the trial court exercises a broad or wide sound judicial discretion, which, unless clearly and manifestly

abused, will not be disturbed on appeal. Usually that was because there was a fact question under conflicting evidence. Svoboda v. Svoboda, supra, loc. cit. 245 Iowa 120, 60 N.W.2d 864. We have also emphasized that courts prefer a trial on the merits. Newell v. Tweed, supra. Even before the adoption of rule 236 this court recognized these well established principles and gave a liberal interpretation of the grounds deemed sufficient for setting aside a default. Barto v. Sioux City Electric Co., 119 Iowa 179, 93 N.W. 268.

In addition, it appears that when appellate courts have thought the trial court too severe in denying a motion to set aside a default and judgment thereon, they have pointed out that while it is the movant's burden to show "good cause" or "reasonable excuse", if the undisputed evidence produced showed that his failure to appear and defend was not due to his negligence or want of ordinary care or attention, or to his carelessness or inattention, but affirmatively showed that defendant did intend to appear and defend, and took reasonable steps to do so, and because of some misunderstanding, accident, mistake or excusable neglect he failed to appear, the trial court would abuse its sound judicial discretion by denying such a timely motion. Barto v. Sioux City Electric Co., supra.

Apparently this is a case of first impression, for we have had no previous occasion to pass on the effect of rule 236 upon the trial court's broad discretionary power to deny such a motion, at least where there was no factual controversy.

The nub of this case, then, seems to be whether, keeping in mind the purpose behind the adoption of rule 236, the facts shown permit a finding of such carelessness, inattention or neglect as would justify a denial of defendants' motion. Although not applicable here, it is of course true that if the facts are such that different inferences may be drawn from them, then the findings of the trial court, in the position of a trier of the facts, are binding upon the appellate court. Edgar v. Armored Carrier Corp., supra, 256 Iowa 700, 707, 128 N.W.2d 922, 926; Handy v. Handy, supra, loc. cit. 250 Iowa 884, 96 N.W.2d 926.

This authority of the trial court no doubt is one of the reasons why it has been said appellate courts more readily affirm

the action of the trial court when it grants a motion to set aside a default than when it denies it. Edgar v. Armored Carrier Corp. and Barto v. Sioux City Electric Co., both supra.

 It was, of course, movant's burden here to produce facts showing "good cause", a cause which would not only permit but require a finding of "mistake, inadvertence, surprise, excusable neglect or unavoidable casualty." Rule 236, R. C. P., and Handy v. Handy, both supra.

Defendants maintain the facts relied upon are not in dispute, that it is only the effect they have under the circumstances that is controverted. We are inclined to agree.

 An examination of the factual situation, then, is often necessary to determine why in somewhat similar situations one trial court's decision granting such a motion is upheld while another's decision denying the motion is reversed. If there is no factual issue, the question is one of law and the appellate court is not bound by the determination of the trial court. In the case at bar there is no real factual controversy. The defendants showed the notice was placed in an envelope addressed to the insurance agent in the same office building, that it was delivered to that office under the regular and general practice followed in these matters, and that it was simply lost in the insurance company's mail room. Courts have taken cognizance of the intricacies and expansion of business enterprises, and the cases reveal a liberal tendency with reference to adequate proof of proper handling of mail in such matters. State Bank of East Moline v. Standaert, 335 Ill. App. 519, 82 N.E.2d 393. Loss of mail generally is held excusable under similar statutes.

The learned trial court found defendants had not carried the burden of showing there was present one or more of the requisite elements set out in rule 236. It held the evidence showed laxity on the part of the officers and representatives of defendants in not following through after the notices were served. This, it said, appeared when its private mail clerk and messenger merely delivered the envelope containing the notice addressed to the defendants' insurance agents to the mail room. Since it did not appear that a receipt for the notice was asked for, and no defendant personnel checked to see whether sendee had received

it, defendants were guilty of carelessness and inattention sufficient to require denial of their motion. In other words, the court found the defendants' general practice was not adequate or sufficient to avoid the charge of carelessness and inattention.

Under such circumstances, is one required to obtain a receipt from one's insurance agent upon delivery to him of a notice of suit, and does a failure to check up on the agency to see that it was taking steps to protect one's interest amount to such carelessness or negligence on the part of the one sued as would permit a denial of his motion to set aside a default and judgment entered against him some seven days after the date set for his appearance in the district court? We think not.

While it is true, in its motion to set aside default, defendants did state it was the practice of William J. Wilczynski, Jr., when receiving suit papers, to send written acknowledgments thereof to the sender and to promptly transmit them to the proper insurer, Wilczynski's affidavit did not state the general practice was to advise the sendee that his communication had been received. Regardless of Wilczynski's practice, it is appellee's position that these facts show the office manager, Mr. Misicka, was remiss in his duties when he failed to check with Wilczynski after he sent him the envelope containing the notices. Even though the personnel handling these papers were defendants' employees, we do not believe that failure was sufficient to sustain a finding of carelessness, inattention or gross neglect on defendants' part. They were guilty of nothing more than a mistaken assumption. See Barto v. Sioux City Electric Co., supra. The defendants' Cedar Rapids officer did check to see if the papers had arrived in Chicago and were being processed in that office. Thus the contention that he was careless or inattentive when he failed to check and recheck thereafter would seem to be overtechnical. We are not prepared to hold that in the operation of such large business enterprises the law requires constant checking to see that papers sent through the regular channels are received and acted upon, nor do we think the failure to do so here amounted to carelessness within the meaning of our rule. To be careless and inattentive, as the terms are applied here, means to give the matter no care, no attention, approaching gross

neglect or willful procrastination. Edgar v. Armored Carrier Corp., supra, 256 Iowa 700, 707, 128 N.W.2d 922, 926; Sioux City Vinegar Mfg. Co. v. Boddy, 108 Iowa 538, 79 N.W. 350.

The correct application of our rule 236, supra, we think, is stated in Newell v. Tweed, 241 Iowa 90, 95, 40 N.W.2d 20, 23, where it is said: "It has been the holding of this court that where a party in good faith is shown to have intended to defend but fails to do so because of accident or excusable neglect the trial court is justified in setting aside the default and in permitting the pleading of a defense." We quoted this rule with approval in our last two default cases. Handy v. Handy, supra, loc. cit. 250 Iowa 885, 96 N.W.2d 926, and Edgar v. Armored Carrier Corp., supra, 256 Iowa 700, 703, 128 N.W.2d 922, 924.

In the case at bar it is clear defendants in good faith intended to defend. They sent the papers through the usual and regular channels and reasonably assumed, after they reached the Chicago office, that they were being promptly and properly processed. Until defendants became aware that they were not, which was only 27 days after the original notices were served, they believed an appearance would be made and their interest protected.

The contention that it would be an unjust burden to require these defendants to keep a constant check upon such papers until the appearance was entered in the case seems reasonable. In this large and general business operation such a burden might be most unjust and unfair and would not square with the requirement of a liberal construction of rule 236, supra. We conclude the factual showing that the papers were promptly forwarded through the regular channels and were lost in transit was a showing of mistake, inadvertence or excusable neglect, sufficient to meet the requirement of "good cause", and the motion to set aside should have been granted.

In the early case of Barto v. Sioux City Electric Co., supra, this question was thoroughly discussed by Judge Deemer and the court held that when the defendant decided to defend in a damage action, and two representatives of the defendant misunderstood as to which was to obtain the services of a local attorney to enter an appearance, the showing was sufficient to require a

reversal of a denial of defendant's motion to set aside the default and judgment previously rendered.

In Reilley v. Kinkead, 181 Iowa 615, 621, 165 N.W. 80, we also reversed the refusal of the trial court to set aside a default and judgment when it appeared that through confusion in the office of defendant's attorney no appearance was made, saying: "The courts are not disposed to be overtechnical in denying hearing to a party who, in good faith and without negligence, desires and intends to try his case upon its merits."

As pointed out in our recent case of Edgar v. Armored Carrier Corp., supra, loc. cit. 256 Iowa 705, 128 N.W.2d 925, where we held the loss or misplacement of the original notice in the insurance company's office was a showing of good cause, a great majority of courts in other jurisdictions hold under similar circumstances that the default and judgment should be set aside. Cases were cited to that effect in Idaho, California, Pennsylvania, Illinois, and other states in 87 A. L. R.2d 870, 879 to 881 inclusive.

Reference was made to the case of Windus v. Great Plains Gas, 255 Iowa 587, 600, 122 N.W.2d 901, 909, where we qualified somewhat the general statement that courts favor trials on the merits, by saying such trials are favored when expeditious and under settled rules of procedure. Here rule 236, R. C. P., fully covers the situation. Furthermore, as to the point in issue, the Windus decision only holds that where gross neglect or willful procrastination appears, the motion should be denied and is not applicable here. In the case at bar there was complete surprise, followed by prompt action, when defendants found their papers had been lost and no appearance had been entered in their behalf.

II. Appellee contends that, since the Iowa law provides for strict liability in explosion cases, appellants fail to show they have a good and meritorious defense to the claim on which the default was entered. He predicates this contention on the doctrine of "liability without fault", which we have applied in such cases as Monroe v. Razor Construction Co., 252 Iowa 1249, 110 N.W.2d 250, and Eves v. Littig Construction Co., 202 Iowa 1338, 212 N.W. 154. Neither is in point. They are claims by property owners nearby whose property was damaged as a result of blasting operations.

134

Plaintiff's petition filed herein is predicated upon defendants' negligence, stating his injuries were caused by the "carelessness, recklessness and negligence of the defendants * * * without any fault or negligence on the part of the plaintiff contributing thereto." He alleged defendants were negligent in seven particulars. He further alleged he was an employee of defendants working on property owned by defendants. He did not allege the action was brought under the doctrine of liability without fault.

That this was an action based on negligence cannot be doubted. Appellee admits this in his statement of the case, and the trial court gave no heed to his contention that the movant's allegation regarding a meritorious defense was not shown.

In E. I. DuPont DeNemours & Co. v. Cudd, 10 Cir., 1949, 176 F.2d 855, 860, we find a closely analogous situation. There, as here, the plaintiff sued the company for personal injuries sustained while assisting in the use of an explosive and alleged negligence on the part of the company's employees. Judgment for plaintiff was reversed on the basis that the doctrine of liability without fault was inapplicable, saying:

"Finally it is contended that the judgment should be sustained on the doctrine of liability without fault. That doctrine is applied to ultra hazardous occupations and makes one engaged in such occupations liable to another whose person or property is injured by such activities, although the utmost care is exercised to prevent harm. That doctrine, however, is restricted to injury to adjoining property and to persons on adjoining property, and does not apply to cases where injury results to those who have reason to know of the risk which makes the undertaking ultra hazardous, take part therein, and bring themselves within the area which will be endangered by its miscarriage."

In 35 C. J. S., Explosives, section 8, page 278, it is stated: "As to persons on his premises and rightly so, the person using explosives in blasting in a lawful and proper manner is liable only in case of negligence, and need exercise only ordinary care. The rule that one who, by blasting, throws rock and material on the adjacent land of his neighbor is liable for the damage resulting from such act without regard to the question of negli-

gence, has no application where the person blasting has the right to the use of the land on which the blasted material is thrown."

Also to the same effect, see Restatement of the Law, Torts, section 523(b)(ii).

 In appellants' motion to set aside, they allege a good and meritorious defense to plaintiff's claim, stating that plaintiff was given express warning that blasting was about to take place in the quarry and, notwithstanding such warning, failed to remove himself a sufficient distance or take cover, and was therefore injured as a result of his own negligence.

Furthermore, it appears plaintiff's first reference to the matter of strict liability concerning blasting operations was made in his resistance to defendants' motion to set aside default. Under these circumstances we are satisfied there was a sufficient showing of defendants' claim of a good and meritorious defense and that the court's denial of their motion could not be sustained on that ground.

III. For the reasons stated the case is reversed and the default and judgment previously rendered must be set aside and a trial on the merits provided.—Reversed and remanded.

GARFIELD, C. J., and HAYS, THOMPSON, PETERSON, SNELL, MOORE and STUART, JJ., concur.

THORNTON, J., takes no part.